625 A.2d 1273

**Ralph GRECO, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CLASSIC CARPET SERVICE COMPANY, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 20, 1992.

Decided Feb. 25, 1993.

Publication Ordered May 26, 1993.

Sidney Baker, for petitioner.

Rhonda A. Rudman, for respondent.

Before DOYLE and PALLADINO, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Ralph Greco (Greco) petitions for review of an opinion and order of the Workmen's Compensation Appeal Board (Board) which reversed the decision of referees who awarded Greco

mental disability benefits after a finding of abnormal working conditions.

The factual background is as follows. Greco began working in the carpet business in 1977. In 1983, Classic Carpet Service Company, Inc., employer, was incorporated. Greco served as president of Classic Carpet from about April 2, 1983 through July 11, 1984. In this position, Greco performed the duties of manager, carpet estimator and installer. Greco's wife served as secretary for Classic Carpet.

During the time Greco was president, one of Classic Carpet's major customers declared bankruptcy. This resulted in employee layoffs and an increased workload for Greco. Greco suffered emotional stress as a result of this incident. In May of 1984, Greco sought treatment from a clinical psychologist. Greco's wife took over as president of the company from July 11, 1984 through November 30, 1984. Greco returned to work on or about December 1, 1984 without further disability.

On May 28, 1985, Greco filed a claim petition in which he alleged he suffered a work-related injury from July 11, 1984 through November 30, 1984 in the nature of "depression and psychological/physical factors" affecting his health. Greco alleged he suffered from chronic physical and emotional stress. See R.R. at 4a. Hearings were held before a referee on October 24, 1985 and on June 18, 1986.

On September 9, 1988, another referee advised the parties he would be involved in preparing a decision in the case. Neither party had any objection to this procedure. Another hearing was scheduled before the newly involved referee on November 1, 1988. On December 16, 1988, a joint decision was issued by both referees awarding compensation to Greco for the period of July 11, 1984 until November 30, 1984. This decision was based upon the referees' conclusion that Greco sustained his burden of proving he became totally disabled for the time period in question from a work-related injury suffered while in the course and scope of his employment with Classic Carpet.

Employer appealed the referees' decision to the Board and filed a petition for supersedeas which was granted by the Board. On December 23, 1991, the Board issued an order and opinion reversing the referees based upon the Board's conclusion that stress and an increase in the workload of a corporate president during times of economic strife are not abnormal working conditions.

On appeal to this court,[1] Greco argues his mental disability[2] was caused by specifically identified abnormal working conditions, as found by the referees, and that the Board's conclusion as a matter of law that abnormal working conditions did not exist is in error.

Appellate cases have demanded a high degree of proof in psychiatric injury cases and have fashioned a twofold burden of proof for claimants to recover workers' compensation benefits in mental or psychiatric injury cases. Claimants must establish by objective evidence that a mental injury was suffered. Claimants must also prove that such injury is other than a subjective reaction to normal working conditions, that is, that Claimant was exposed to abnormal working conditions which caused the mental injury. *Martin v. Ketchum, Inc.*, 523 Pa. 509, 568 A.2d 159 (1990); *Reigle v. Workmen's Compensation Appeal Board (Federal Express)*, 144 Pa.Commonwealth

1. This court's scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether all necessary findings of fact are supported by substantial evidence. *Kraushaar v. Workmen's Compensation Appeal Board (Doors, Inc.)*, 142 Pa.Commonwealth Ct. 69, 596 A.2d 1233 (1991).

2. Greco also appears to argue this is a "physical/mental" claim by contending in his brief that physical stimulus played a causative role in his psychiatric injury. See appellant's brief at p. 14. Greco asserts the etiology of his disability was a combination of several factors including the stress of continuing to work while suffering the ongoing symptoms of chest pain, dizziness and nausea first experienced when he sustained a physical injury at Classic Carpet's warehouse one year prior to his mental disability. We note that a different burden of proof applies in physical/mental injury claims than in mental/mental injury claims. *See Berry v. Workmen's Compensation Appeal Board (United Minerals)*, 144 Pa.Commonwealth Ct. 684, 602 A.2d 415 (1992). Other than this brief reference, a mental/mental case appears to be solely at issue. Thus, we will treat this case as a mental/mental injury case.

Ct. 583, 601 A.2d 1331 (1992); *Archer v. Workmen's Compensation Appeal Board (General Motors)*, 138 Pa.Commonwealth Ct. 309, 587 A.2d 901 (1991); *Andracki v. Workmen's Compensation Appeal Board (Allied Eastern State Maintenance)*, 96 Pa.Commonwealth Ct. 613, 508 A.2d 624 (1986).

■ The existence of "abnormal working conditions" is a mixed question of law and fact and is fully reviewable by this court. *Marsico v. Workmen's Compensation Appeal Board (Department of Revenue)*, 138 Pa.Commonwealth Ct. 352, 588 A.2d 984 (1991). To be determined to be abnormal, working conditions must be considered in relationship to the specific employment. *See Williams v. Workmen's Compensation Appeal Board (Philadelphia National Bank)*, 120 Pa.Commonwealth Ct. 551, 548 A.2d 1344 (1988).

In support of his position, Greco cites and relies upon the cases of *Bevilacqua v. Workmen's Compensation Appeal Board (J. Bevilacqua Sons, Inc.)*, 82 Pa.Commonwealth Ct. 511, 475 A.2d 959 (1984) and the more recent *City of Scranton v. Workmen's Compensation Appeal Board (Hart)*, 136 Pa.Commonwealth Ct. 483, 583 A.2d 852 (1990), *petition for allowance of appeal denied,* 528 Pa. 625, 597 A.2d 1154 (1991).[3] *Bevilacqua* was a case in which a sheet metal worker who assumed the duties of an estimator was awarded compensation benefits after a finding that the working conditions he worked under were abnormal. Similarly, in *Hart,* a police detective's widow was awarded fatal claim benefits after it was determined that the working conditions her husband was employed in became unusually stressful for that type of position and resulted in his suicide. However, both of these cases must be viewed in light of the principle enunciated above and must be considered in relationship to the specific employment at issue.

3. Greco also cites *Vital Signs Institute, Inc. v. Workmen's Compensation Appeal Board (Burk and Humectrix Corp.),* 114 Pa.Commonwealth Ct. 191, 538 A.2d 617 (1988) for the proposition that his pre-existing depression and psychological stress was exacerbated by the abnormal working conditions. Because the *Vital Signs* principle applies to physical injury cases, we will not consider it here.

The controlling distinguishable factor between *Bevilacqua, Hart* and the case presently before us is that in this case, unlike the two cited cases, the claimant, Greco, was a corporate president. Appellate cases of this court exist which establish that, as a matter of law, the increased work load of a corporate president during times of economic strife do not constitute abnormal working conditions.

██ In *Klein v. Workmen's Compensation Appeal Board (Plaza Home Center, Inc.)*, 91 Pa.Commonwealth Ct. 247, 496 A.2d 1346 (1985), this court determined that where an alleged mental disability arose from the threat of financial difficulties in connection with a corporation in which claimant had an ownership interest, benefits were not warranted as no work-related injury was established. Analogously, in *McCoy v. Workmen's Compensation Appeal Board (McCoy Catering Services, Inc.)*, 102 Pa.Commonwealth Ct. 436, 518 A.2d 883 (1986), *petition for allowance of appeal denied*, 517 Pa. 595, 535 A.2d 84 (1987), we affirmed the denial of fatal claim benefits to a widowed claimant whose husband's psychological stress and resulting suicide was derived from an inability to support his family as a result of his failing catering business.

The order of the Board is affirmed.

## ORDER

AND NOW, this 25th day of February, 1993, the order of the Workmen's Compensation Appeal Board is affirmed.