625 A.2d 1271

Wilfred MASON, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(ACME MARKETS), Respondent.

ACME MARKETS, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (MASON), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 10, 1992.

Decided Sept. 24, 1992.

Publication Ordered May 26, 1993.

Katherine M. Mezzanotte, for petitioner/respondent Wilfred Mason.

Martin J. Fallon, Jr., for respondent/petitioner Acme Markets.

Before CRAIG, President Judge, PELLEGRINI, J., BLATT, Senior Judge.

BLATT, Senior Judge.

Wilfred Mason (claimant) appeals that part of an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of the referee which denied his petitions for reinstatement and modification of benefits pursuant to Section 413(a) of The Pennsylvania Workmen's Compensation Act (Act).[1] Acme Markets (employer) appeals that part of the order which reversed the decision of the referee that the claimant's petitions were time-barred pursuant to Section 413(a) of the Act.[2] The appeals have been consolidated for consideration by this Court.

On July 1, 1977, the claimant injured his back while employed by Acme Markets and received compensation benefits. On May 1, 1981, a referee granted the employer's petition for modification from total to partial disability. The claimant did not appeal this decision. On July 13, 1981, a referee granted the claimant's petition for commutation of his partial disability benefits and, shortly thereafter, the claimant received commuted benefits of $25,000. On October 6, 1987, the claimant

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772.

2. 77 P.S. § 772, which provides that a petition for modification or reinstatement must be filed within three years after the date of the last payment of compensation, except "where compensation has been suspended ... payments ... may be resumed at any time during the period for which compensation for partial disability is payable."

filed a reinstatement petition alleging disability as of September 1981. On February 17, 1988, the claimant filed a modification petition alleging total disability as of August 1981. On March 26, 1988, the employer filed a termination petition alleging that the claimant had fully recovered.

Following a hearing, the referee made the following relevant findings of fact:

15. ... The Claimant through his own testimony and that of Dr. Gerber and Dr. Cooper have establish [sic] that his physical condition since 1977 has made him disabled from performing normal duties such that he once performed. However, the medical evidence does not show any changing condition from the date of the original Referee Order allowing Claimant to commute his benefits and receive a lump sum payment of all benefits permitted into the future.

16. ... [T]he Petition for Reinstatement clearly exceeds the three year limitation provided by the Act. The previous Referee Award was circulated on May 1, 1981 and no Petition to Modify this Award was filed until October of 1987.

Based on these findings, the referee concluded that the claimant failed to meet his burden of proving a change in his physical condition since the May 1, 1981 order and concluded that the petitions were time-barred.[3] The claimant appealed and the Board concluded that the petitions were timely, but affirmed the denial of compensation. The claimant appeals from this order.[4]

■ The employer filed a protective cross-appeal seeking to preserve the issue of the timeliness of the claimant's petitions. Because it prevailed below, the employer is not an aggrieved

3. The referee also dismissed the employer's termination petition and no appeal from this decision has been filed.

4. Our scope of review on appeal is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *Temple Univ. v. Workmen's Compensation Appeal Bd. (Ins. Co. of N. America)*, 138 Pa.Commonwealth Ct. 394, 588 A.2d 63 (1991).

party and has no standing to appeal. *See Mahonoy Area School Dist. v. Budwash,* 146 Pa.Commonwealth Ct. 72, 604 A.2d 1156 (1992). Therefore, its cross appeal is quashed.

Nevertheless, this issue has been preserved because presented by the employer in its brief as respondent before this Court. *Id.* The dispositive issue remains whether the Board erred in concluding that the claimant's petitions for reinstatement and modification were timely filed.[5]

In concluding that the claimant's petitions were timely filed, notwithstanding the three year statute of limitations set forth in Section 413(a), the Board improperly relied on *USX Corp. v. Workmen's Compensation Appeal Bd. (Guthrie),* 132 Pa.Commonwealth Ct. 54, 571 A.2d 1112 (1990). In *USX Corp.,* this Court held that Section 413(a) permits the filing of a petition for reinstatement of *suspended* benefits any time during the period in which partial disability compensation is payable.[6] Here, the $25,000 lump sum payment in commutation of the claimant's partial disability benefits effectively compensated him for the balance of his entitlement. Upon his receipt of all benefits payable pursuant to the commutation order, there was no remaining period during which such benefits might be resumed and no suspension of benefits to which a reinstatement petition could apply. *Hartner v. Workmen's Compensation Appeal Bd. (Phillips Mine & Mill, Inc.),* 146 Pa.Commonwealth Ct. 167, 604 A.2d 1204 (1992). Therefore, the petitions filed six years after the receipt of the last payment due were time-barred. *Cf. Cahill v. Workmen's Compensation Appeal Bd.,* 137 Pa.Cmwlth. 442, 586 A.2d 522 (1991).

Accordingly, we reverse in part and dismiss the claimant's appeal.

### ORDER

AND NOW, this the 24th day of September, 1992, that part of the order of the Workmen's Compensation Appeal Board in

5. Accordingly, we need not reach the merits of the claimant's appeal.

6. Section 306(b) provides for a maximum compensation period of five hundred weeks. 77 P.S. 512.

14

the above-captioned matter determining that the claimant's petitions were timely filed is reversed. The employer's cross appeal is quashed.