**Frances D. WARATUKE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HANDEE MARTS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 20, 1996.

Decided Jan. 23, 1997.

Gary D. Ludin, Pittsburgh, for petitioner.

Maureen Kowalski, Pittsburgh, for respondent.

Before COLINS, P.J., PELLEGRINI, J., and LORD, Senior Judge.

PELLEGRINI, Judge.

Frances Waratuke (Claimant) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) which dismissed Claimant's reinstatement petition as untimely pursuant to Section 413(a) of the Workers' Compensation Act (Act).[1]

Claimant suffered a work-related injury on December 16, 1986, while employed with Handee Marts (Employer). After a period of total disability, Claimant was able to return to work and her benefits were modified to partial disability benefits. By order dated July 14, 1988, the Board commuted Claimant's compensation benefits as agreed between Claimant and Employer.[2]

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 772.

**2.** Commutations of benefits are permitted by Section 316 of the Act, 77 P.S. § 604; a commu-

tation is defined as the present payment of future benefits in one lump sum, instead of payment in periodic installments. 1 Alexander F. Barbieri,

On January 25, 1993, Claimant filed a reinstatement petition alleging· that her· injury had recurred and she was again totally disabled as of January, 1991. Employer filed an answer denying that Claimant was totally disabled and, if she was, it was not related to her 1986 injury. Employer filed an amended answer averring that Claimant's petition for reinstatement was barred by the three-year statute of limitations. The WCJ found that the petition for reinstatement, filed on January 25, 1993, was not within three years of Claimant's last payment of benefits, the commutation payment on July 14, 1988. The WCJ held that the three-year statute of limitations applied and the petition was untimely. Claimant appealed to the Board.

Affirming, the Board held that because after the receipt of benefits under a commutation order there are no remaining benefits to be paid, the three-year statute of limitations begins to run on the date of commutation, citing *Mason v. Workmen's Compensation Appeal Board·(Acme Markets)*, 156 Pa. Cmwlth. 10, 625 A.2d 1271 (1992). The Board dismissed Claimant's petition for reinstatement as untimely. A dissenting opinion would reverse and hold that a claimant who has had her partial benefits commuted has 500 weeks, plus three years from the date partial disability began, to file a timely reinstatement petition. The dissent argued that there should be no difference between a claimant who has had their partial benefits commuted and one who has exhausted the 500 weeks of partial benefits; the latter having three years from the last payment to file a timely reinstatement petition. Claimant then filed this appeal.[3]

■ Claimant contends that her petition for reinstatement is not time barred because under Section 306(b) of the Act, 77 P.S. § 512, a claimant who has her partial disability benefits commuted should have 500 weeks to seek reinstatement to total disability status and that the *Mason* decision is incorrect.

In the alternative, Claimant contends that the decision in *Mason* should not be applied retroactively to her case because her benefits were commuted prior to the *Mason* decision.

Section 306(b) of the Act permits payment for partial disability as follows:

> For disability partial in character ... sixty-six and two-thirds per centum of the difference between the wages of the injured employee ... and the earning power of the employe thereafter ... This compensation shall be paid during the period of such partial disability ... but for not more than five hundred weeks.

Claimant argues that the statement that partial disability benefits may be paid for 500 weeks also provides a claimant 500 weeks to petition for a change in status. Section 306(b) does not provide any right to petition for a change in status; instead, a claimant's ability· to petition for a change in status is provided for and limited in Section 413(a) of the Act:

> A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employee has increased, decreased, recurred, or has temporarily or finally ceased ... Provided, That, ... no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, *unless a petition is filed with the department within three years after the date of the most recent payment of compensation* made prior or to the filing of the petition ... And provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the Agreement or Award may be resumed at any time during the period

*Pennsylvania Workmen's Compensation and Occupational Disease* § 5.43 (1975).

**3.** Our scope of review is limited to determining whether an error of law has been committed, whether constitutional rights have been violated, or whether necessary findings of fact are supported by substantial evidence in the record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Walk v. Workmen's Compensation Appeal Board (U.S.Air)*, 659 A.2d 645 (Pa. Cmwlth.1995).

for which compensation for partial disability is payable. (Emphasis added).

In *Mason*, the claimant's partial disability benefits were commuted in 1981. In 1987, he filed a reinstatement petition alleging total disability as of 1981. The employer argued and the WCJ found that the reinstatement petition was untimely under Section 413(a) because it was filed six years after the commutation payment. The Board disagreed. We reversed that part of the Board's decision and held that the reinstatement petition was untimely, stating:

> In concluding that the claimant's petitions were timely filed, notwithstanding the three year statute of limitations set forth in Section 413(a), the Board improperly relied on *USX Corp. v. Workmen's Compensation Appeal Bd.* (Guthrie), 132 Pa.Cmwlth Ct. 54, 571 A.2d 1112 (1990). In USX Corp., this Court held that Section 413(a) permits the filing of a petition for reinstatement of *suspended* benefits any time during the period in which partial disability compensation is payable. Here, the $25,000 lump sum payment in commutation of the claimant's partial disability benefits effectively compensated him for the balance of his entitlement. Upon his receipt of all benefits payable pursuant to the commutation order, there was no remaining period during which such benefits might be resumed and no suspension of benefits to which a reinstatement petition could apply. (Citation omitted). Therefore, the petitions filed six years after the receipt of the last payment due were time-barred. (Citation omitted). (Emphasis in original).

*Mason*, 625 A.2d at 1272–73.

Claimant argues that *Mason* is incorrect because, when her benefits were commuted, she continued in the status of partially dis-

abled until the period of partial disability agreed upon had run, and that she should have that same period to petition for a change in status. This is essentially the argument made by the dissenters to the Board's decision, that her continuing "status" as partially disabled should control the time period for filing a reinstatement. Although that result might bring parity between those who have had their partial disability benefits commuted and those who have not, it is contrary to the unambiguous language of the Act. In light of Section 413(a) of the Act, which begins the time period for petitioning for reinstatement on the date of the most recent payment, we decline to overrule *Mason* and we hold that Claimant's petition was untimely.[4]

 Even if *Mason* was correctly decided, Claimant contends it should not be applied to her case because her commutation was ordered prior to the decision in that case. In Pennsylvania and at common law, decisions changing the law are retroactive and are usually applied to all subsequent cases, even if they were pending on appeal when the decision was announced. *Blackwell v. State Ethics Commission*, 527 Pa. 172, 589 A.2d 1094 (1991); *McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 460 A.2d 237 (1983); *Davis v. City of Philadelphia*, 168 Pa.Cmwlth. 334, 650 A.2d 1127 (1994).[5] If the decision relies upon statutory interpretation, it relates back to the date the particular statute became effective, because it merely interprets existing legislation. *Davis; Thiele, Inc. v. Workmen's Compensation Appeal Board (Younkers)*, 137 Pa. Cmwlth.370, 586 A.2d 489 (1991). In this case, the *Mason* decision relied on an interpretation of the language of Section 413(a) of the Act and should be retroactive as it re-

---

4. Claimant also argues that her case is distinguishable from *Mason* because, in that case, the claimant waited six years from the date his disability allegedly increased to seek reinstatement of total disability benefits, but here, Claimant filed her reinstatement petition in 1993, within two years of the date on which she alleges she again became totally disabled. We fail to see any significance in this difference because the operative date pursuant to the express language of Section 413(a) is the date of the last payment,

not the alleged date that the disability changed. Claimant admits that her last payment was the commutation payment in 1988, and that her reinstatement petition was not within three years of that date.

5. Retrospective application is a matter of judicial discretion which must be exercised on a case-by-case basis. *Blackwell*, citing *August v. Stasak*, 492 Pa. 550, 424 A.2d 1328 (1981).

lates back to when that part of the section became effective.[6] Although decided after the commutation of Claimant's benefits, *Mason* was decided before Claimant filed her reinstatement petition in 1993.[7] Accordingly, having properly raised the time bar, Employer is entitled to the benefit of the decisional law interpreting it.

Because the decision in *Mason* controls this case, determining that the reinstatement petition is time barred, we affirm the order of the Board dismissing Claimant's petition.

### ORDER

AND NOW, this 23rd day of January, 1997, the order of the Workmen's Compensation Appeal Board, dated June 28, 1996, No. A95–0876, is affirmed.

---

**6.** A time limitation was added to Section 413(a) of the Act by Section 6 of the Act of April 13, 1927, P.L. 186, and was amended to extend the limitation to three years by Section 14 of the Act of December 5, 1974, P.L. 782.

**7.** The cases cited by Claimant in her brief, *Byard F. Brogan, Inc. v. Workmen's Compensation Ap-* *peal Board (Morrissey)*, 161 Pa.Cmwlth.453, 637 A.2d 689 (1994) and *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa.Cmwlth. 176, 305 A.2d 757 (1973), are inapplicable because they solely discuss the retroactive application of a change in legislation.