Donna O'BRIEN, Petitioner,

v.

### WORKERS' COMPENSATION APPEAL BOARD (MONTEFIORE HOSPITAL), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 31, 1997.
Decided Feb. 28, 1997.

Jonathan E. Jones and Brian Samuel Malkin, Pittsburgh, for petitioner.

Ralph J. Saunders, Jr., Pittsburgh, for respondent.

Before COLINS, President Judge, PELLEGRINI, J., and LORD, Senior Judge.

PELLEGRINI, Judge.

Donna O'Brien (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) affirming a decision of the Workers' Compensation Judge (WCJ) dismissing her reinstatement petition as being untimely filed under Section 413 of the Workers' Compensation Act (Act).[1]

On March 5, 1983, Claimant, while working as an L.P.N. at Montefiore Hospital (Employer), suffered a work-related injury for which she received compensation pursuant to a notice of compensation payable. After numerous supplemental agreements and decisions by WCJ's adjusting the amount of Claimant's compensation based upon her ability to work, the parties entered into their final supplemental agreement on July 7, 1987, that disposed of all of the pending petitions before the WCJ. That agreement provided that Claimant was entitled to partial disability in the amount of $72.99 per week for a maximum of 411 weeks. On that same date, the Board commuted Claimant's partial disability payments to $30,000.00. Claimant received her payment on July 31, 1987.

In the latter part of July, 1990,[2] Claimant filed a reinstatement petition alleging a recurrence of her work-related disability. After she had gained employment, Claimant voluntarily withdrew that petition. On December 13, 1990, however, Claimant again filed a reinstatement petition contending that she signed the commutation petition under the mistaken belief that her back condition would improve. In her petition, Claimant contended that her back condition had, in fact, worsened, and she requested reinstatement of compensation.

After holding evidentiary hearings, the WCJ concluded that, because the petition had not been filed within three years from the date of the commutation award, it did not fall within the applicable three-year statute of limitations. Relying upon *Mason v. Workmen's Compensation Appeal Board (Acme Markets)*, 156 Pa.Cmwlth. 10, 625 A.2d 1271 (1992), the WCJ dismissed the petition. Claimant appealed to the Board, which affirmed the WCJ's decision, and this appeal followed.[3]

Claimant first contends that the Board erred in determining that her reinstatement petition was time-barred under *Mason*. In *Mason*, this Court held that, for purposes of

---

1. In relevant part, Section 413 provides that:
 A referee designated by the department may, at any time, ... reinstate ... a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased ... [or] recurred.... Provided, That, ... no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, *unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition.*
 Act of June 2, 1915, P.L. 736, § 413, *as reenacted and amended*, 77 P.S. § 772 (emphasis added).

2. The WCJ found that Claimant had filed her reinstatement petition on July 29, 1990, which was a Sunday. Claimant contends in her brief that it was filed on July 24, 1990. Regardless, the date upon which it was filed is irrelevant for purposes of this appeal because it was subsequently withdrawn by Claimant.

3. Our scope of review is limited to determining whether constitutional rights are violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence in the record. *Pokita v. Workmen's Compensation Appeal Board (U.S.Air)*, 163 Pa.Cmwlth.97, 639 A.2d 1310 (1994).

determining whether a petition is time-barred after a commutation of benefits, the statute of limitations begins to run from the date that the claimant received the lump sum payment of commuted benefits. 156 Pa. Cmwlth. 14, 625 A.2d 1273. If the petition has not been filed within three years from that date, then it does not fall within the statute of limitations period. *Id.* Unlike in *Mason,* Claimant argues, Employer has continued to pay her medical expenses which should be considered compensation. Because she has continued to receive medical benefits up to the time that she filed her reinstatement petition, Claimant contends, the three-year statute of limitations would begin to run from the date upon which she received the last reimbursement for medical expenses, and not, as found by the WCJ and the Board, from the date that she received her commutation payment.

 The issue presented, therefore, is whether the medical benefits Claimant received from Employer constitute "compensation" as that term is used in Section 413 of the Act. No Pennsylvania case law directly addresses this issue, nor does the Act define "compensation." Rather, the determination of whether medical benefits are to be included as part of a claimant's compensation must be made on a section-by-section basis, looking to the language of the section and the legislative intent behind it. *See Berwick Industries v. Workmen's Compensation Appeal Board (Spaid),* 537 Pa. 326, 643 A.2d 1066 (1994); *Insurance Company of North America v. Workmen's Compensation Appeal Board (Kline and Packard Press),* 137 Pa. Cmwlth. 393, 586 A.2d 500 (1991), *aff'd,* 533 Pa. 112, 619 A.2d 1356 (1993); *Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket),* 100 Pa.Cmwlth. 577, 515 A.2d 331 (1986), *appeal dismissed,* 518 Pa. 59, 540 A.2d 267 (1988); *Glinka v. Workmen's Compensation Appeal Board (Sears,*

*Roebuck, and Co.),* 75 Pa.Cmwlth. 504, 462 A.2d 909 (1983).

For example, in *Berwick Industries,* our Supreme Court held that medical benefits are to be considered compensation for purposes of determining whether their recovery is precluded under the statute of repose set forth in Section 315 of the Act.[4] After observing that the term "compensation" was not defined in the Act, our Supreme Court examined Section 315 and noted that it is a statute of repose that completely extinguishes a claimant's right if he or she has failed to file an action to enforce that right within the prescribed period. 643 A.2d at 1068. The Supreme Court then examined a related provision in the same article of the Act which established an employer's liability and which included medical expenses within "compensation." Our Supreme Court reasoned that Section 315, which extinguishes an employer's liability, must be read parallel to the section establishing that liability, and therefore, medical expenses were considered to be compensation for purposes of the statute of repose. *Id.* at 1069.

On the other hand, this Court addressed the issue of whether medical expenses are to be considered part of "compensation" where a claimant was seeking reimbursement for medical expenses after the expiration of the three-year statute of limitations for a petition to set aside final receipt. *Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket),* 100 Pa.Cmwlth. 577, 515 A.2d 331 (1986), *appeal dismissed,* 518 Pa. 59, 540 A.2d 267 (1988). In *Fuhrman,* the claimant was no longer receiving compensation because he and his employer had executed a final receipt. More than three years after signing the final receipt, the claimant filed a claim petition for payment of medical expenses. In ruling that the petition was not time-barred, we examined the language of Section 306(f.1)(9)[5] and determined that, un-

4. Section 315 provides that:

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have

filed a petition as provided in article four hereof.

77 P.S. § 602.

5. With respect to the payment of medical expenses, Section 306(f.1) of the Act requires an employer to pay a claimant's reasonable and necessary medical expenses that are work-relat-

der that section, it was not necessary for an employee to sustain a loss of earning power to qualify for reimbursement of medical expenses arising out of a work-related injury. Section 306(f.1) suggests that there may be reimbursement for medical expenses after the statute of limitations has expired, and separates the concept of "medical services" from the concept of "compensation." *Id.* at 334. Because medical expenses and compensation are considered separate items under Section 306(f.1), we determined that the statute of limitations was wholly inapplicable to the payment of medical services pursuant to Section 306(f.1). *Id.* at 335.[6]

While *Fuhrman* was concerned with the issue of whether reimbursement for medical expenses can be barred by the three-year statute of limitations, and not, as here, whether the payment of medical expenses can toll the statute of limitations, its reasoning is nevertheless applicable to the present case. Section 306(f.1)(9) draws a distinction between compensation and medical benefits. Where an employer's liability to pay compensation for a work-related injury has previously been determined, the payment of medical expenses are wholly independent of the statute of limitations on a petition to modify or reinstate benefits and cannot, in turn, toll that statute of limitations.

To hold otherwise would lead to an illogical result under the Act. Section 306(f.1) of the Act requires an employer to pay a claimant's reasonable and necessary medical expenses arising out of the work-related injury. However, if the employer complies with this duty, and were we to consider medical expenses to

be compensation as that term is used in Section 413 of the Act, then the statute of limitations would never expire so long as the employer is paying the claimant's medical expenses. This would be true even though the claimant has never filed a claim petition seeking compensation.

■ Even if Employer's payment of her medical expenses does not toll the three-year statute of limitations, Claimant contends that *Mason* is not dispositive of her reinstatement petition. Claimant argues that the commutation of her benefits is nothing more than a lump sum payment of compensation that is otherwise payable over the remaining period of partial disability. Here, Claimant argues, the commutation agreement recognized that she would suffer an ongoing partial disability for a period of 411 weeks, and therefore, the statute of limitations should not begin to run until the last week of her disability period has expired.

This argument was recently addressed by this Court in *Waratuke v. Workmen's Compensation Appeal Board (Handee Marts)*, 687 A.2d 1219 (1997). In that case, we followed *Mason* and held that the three-year statute of limitations period began to run on the date when the claimant had received the final commutation payment, and therefore, a reinstatement petition filed more than three years after that date was untimely. *Id.* Likewise, in the present case, because Claimant filed her reinstatement petition on December 13, 1990, more than three years after she had received her commutation payment, her petition is also untimely.[7]

---

ed. Act of June 2, 1915, P.L. 736, § 306(f.1), *as amended and reenacted*, 77 P.S. § 531. However, Section 306(f.1)(9) provides that:

> The payment by an insurer or employer for any medical, surgical, or hospital services or supplies after any statute of limitations provided for in this act shall be expired shall not act to reopen or revive the compensation rights for purposes of such limitations.

77 P.S. § 531(9).

**6.** Claimant contends that *Fuhrman* contradicts the holding of *Berwick Industries*. However, as noted by our Supreme Court in *Berwick Industries*, *Fuhrman* is readily distinguishable on the basis that it was a case under Section 434 of the Act which contains a three year statute of limita-

tions on the employer's liability where the claimant had signed a final receipt. 643 A.2d at 1068. There is a crucial distinction between a statute of repose, where the employer's liability has not been established, and a statute of limitations where the employer's liability has already been determined. It is in the latter cases, such as the present one, where medical expenses and compensation are considered to be separate. *Id.*

**7.** Claimant also argues that *Mason* should not be controlling in the present case because her commutation was ordered prior to the decision in that case. This argument was also addressed and rejected by this Court in *Waratuke:* Being an interpretation of the Act, *Mason* relates back to the date that the Act became effective. *Id.*

Accordingly, the order of the Board affirming the WCJ's dismissal of Claimant's reinstatement petition as untimely is affirmed.[8]

### ORDER

AND NOW, this 28th day of February, 1997, the order of the Workers' Compensation Appeal Board at No. A94–2150, dated June 28, 1996, is affirmed.

---

8. Claimant also argues that the WCJ erred in dismissing her petition because she alleged that there was a mistake in the commutation agreement that inaccurately reflected her earning capacity. Irrespective of whether or not there was a mistake in the commutation agreement, Claimant's petition was untimely filed, thus precluding the WCJ from acting upon the merits of that petition. Additionally, if Claimant wished to challenge the validity of the commutation agreement, she should have done so via an appeal from the WCJ's decision approving that agreement and not through a collateral attack in the form of a reinstatement petition.