**Tina SENA, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MAPS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 25, 2002.

Decided Dec. 23, 2002.

---

Robert R. Pandaleon, Allentown, for petitioner.

Randall G. Gale, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Tina Sena (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) dismissing her Reinstatement Petition because it was filed more than three years after she received her last payment of compensation benefits. We affirm.

On March 14, 1996, the parties entered into a Stipulation setting forth, in relevant part, that:

1. On May 20, 1992, Claimant sustained an injury in the nature of a herniated cervical disc at C4–C5 and an aggravation of a pre-existing work-related lumbar disc herniation at L5–S1 during the course and scope of her employment with [Employer].

. . .

9. On or about March 14, 1996, the parties entered into a Supplemental Agreement in which it was agreed that Claimant's total disability had become partial in nature and that there is work available to Claimant which she is capable of performing and which would result in an earning capacity of $183.11 per week and a partial disability rate of $90.00 per week for 500 weeks.

10. The parties are desirous of commuting the remaining 500 weeks of partial disability benefits at the rate of $90.00 per week which would result in a payment to Claimant in the lump sum amount of $45,000.00.

. . .

12. The parties agree that the commutation is in Claimant's best interests.

. . .

16. Claimant acknowledges that she has reviewed the contents of this Stipulation with her counsel, that her counsel has explained the legal effect of this Stipulation and the commutation, that she understands this information, and that she voluntarily signs this Stipulation.

Four years later, on March 16, 2000, Claimant filed a Reinstatement Petition

alleging that on March 14, 2000 she underwent back surgery and that her condition has worsened.[1] Employer filed an Answer asserting that "[t]his matter was subject to a commutation entered into on March 14, 1996 and Claimant is not entitled to any further compensation benefits."

■ By decision and order dated May 31, 2001, the WCJ concluded that Claimant failed to file her Reinstatement Petition within three years of the most recent payment of compensation benefits as required by Section 413(a) of the Workers' Compensation Act (Act).[2] Accordingly, the WCJ denied and dismissed Claimant's Reinstatement Petition. Claimant appealed to the Board, which affirmed the decision of the WCJ. This appeal followed.[3]

■ On appeal, Claimant argues that the Board erroneously concluded that a commutation does not extend the period in which to petition for a reinstatement of benefits.

The three-year statute of limitations is found in Section 413(a) of the Act which provides, in relevant part, that:

> A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department ... Provided, That ... no notice of compensation payable, agreement

or award shall be reviewed, or modified, or reinstated, *unless a petition is filed with the department within three years after the date of the most recent payment of compensation* made prior to the filing of such petition ... And provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that *payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable,*[4] unless it be shown that the loss in earnings does not result from the disability due to the injury.

77 P.S. § 772 (emphasis added). In support of her argument that the statute of limitations set forth above does not apply here, Claimant cites our Supreme Court's decision in *Stewart v. WCAB (Pa Glass Sand)*, 562 Pa. 401, 756 A.2d 655 (2000). In *Stewart*, the issue presented was "whether expiration of the 500–week period during which a claimant retains eligibility to receive workers' compensation for partial disability forecloses a subsequent claim for total disability upon deterioration of the claimant's physical condition." *Id.* at 402, 756 A.2d at 655. The Court determined that, because the claimant filed his modification petition within three years of the final payment of benefits, he was not foreclosed from filing a subsequent claim for total disability. However, the Court also stated, in a footnote, that:

> rights were violated or an error of law was committed. *Republic Steel Corporation v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).

---

1.  Claimant also filed various other petitions which are not the subject of this appeal.

2.  Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772.

3.  This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional

4.  Pursuant to Section 306(b) of the Act, 77 P.S. § 512, partial disability benefits are payable for a maximum of five hundred (500) weeks, which is approximately 9.6 years.

... A further inference is required, however, to support the conclusion that all post–500–week claims (including those for total disability) on the part of a claimant whose benefits have been suspended are precluded. Moreover, as noted, this would not appear to be as reasoned an inference, as we perceive no apparent sound policy justification for distinguishing between partially-disabled claimants who have received a full complement of partial disability benefits and those who have experienced some period of suspension, in terms of the effect of the expiration of 500 weeks upon potential future claims. *We decline to resolve this question in the present appeal, however, since the appropriate facts are not before us;* we merely note that the opinion in this case should not be read as an endorsement of the pertinent reasoning from *Edgewater, Deppenbrook* and *Roussos.* **Parenthetically, there are also sound policy arguments against distinguishing between a claimant who has accepted a lump-sum payment of partial disability benefits from one who receives such benefits in installments, in terms of the running of the 500–week period. Nevertheless, the Commonwealth Court has enforced a plain-meaning approach to Section 413(a)'s directive that the three-year limitations period commences after "the date of the most recent payment of compensation,"** 77 P.S. § 772. *See,* e.g., *Bailey v. WCAB (ABEX Corp.),* 717 A.2d 17, 22–23 (Pa. Cmwlth.1998); *Waratuke v. WCAB (Handee Marts),* 687 A.2d 1219, 1221 (1997); *Mason v. WCAB (Acme Markets),* 156 Pa.Cmwlth. 10, 13, 625 A.2d 1271, 1272 (1992). Therefore, an employee suffering from a progressive disease must consider offers of commutation in light of the current jurisprudence giving commutation agreements, at least in absence of an effective contractual waiver, the effect of depriving the employee the advantage of the final sentence of Section 413(a) in relation to future claims.

*Id.* at 407, 756 A.2d at 658 n. 5 (emphasis added).

Based on this footnote in *Stewart,* Claimant argues that there are sound policy arguments against distinguishing between a Claimant who has accepted a lump-sum payment of partial disability benefits from one who receives such benefits in installments. Therefore, Claimant argues that, when a claimant's benefits have been commuted, this Court should not enforce a plain meaning approach to Section 413(a)'s directive that the three-year statute of limitations period commences after "the date of the most recent payment of compensation."

The statute of limitations in Section 413(a) is like a countdown timer. For a claimant who chooses not to commute benefits, there is no statute of limitations problem because the timer is regularly reset upon each new receipt of benefits. However, for a claimant who commutes benefits and receives one lump sum payment, the timer begins to count down immediately after that payment and it is not reset again because there are no more payments of compensation benefits. As noted in *Stewart,* we have addressed this issue before. For example, in *Mason v. Workmen's Compensation Appeal Board (ACME Markets),* 156 Pa.Cmwlth. 10, 625 A.2d 1271, 1272 (Pa.Cmwlth.1992), the claimant commuted his benefits and received a $25,000 lump sum payment. Six years later, the claimant filed a reinstatement petition which was dismissed by the workers' compensation judge because it was barred by the statute of limitations. On appeal, the Board concluded that the reinstatement petition was timely filed and

accordingly reversed the decision of the workers' compensation judge. In support of its conclusion, the Board relied on our decision in *USX Corporation v. Workmen's Compensation Appeal Bd. (Guthrie)*, 132 Pa.Cmwlth. 54, 571 A.2d 1112 (Pa.Cmwlth.1990). In *USX,* this Court held that Section 413(a) permits the filing of a petition for reinstatement of suspended benefits any time during the period in which partial disability compensation is payable. On appeal, we held that the Board erred by relying on *USX* because "the $25,000 lump sum payment in commutation of the claimant's partial disability benefits effectively compensated him for the balance of his entitlement. Upon his receipt of all benefits payable pursuant to the commutation order, *there was no remaining period during which such benefits might be resumed* and no suspension of benefits to which a reinstatement petition could apply. Therefore, the petitions filed six years after the receipt of the last payment due were time-barred." *Id.* at 1272–1273, 571 A.2d 1112 (citations omitted, emphasis added).

We reaffirm our reasoning in *Mason* and subsequent cases dealing with this issue. In this case, on March 14, 1996, Claimant and Employer entered into a Stipulation whereby the parties agreed to commute the remaining 500 weeks of Claimant's partial disability benefits and Claimant received a lump sum payment of $45,000.00. On March 16, 2000, Claimant filed her Reinstatement Petition. Applying our reasoning in *Mason* to this case, we must conclude that Claimant's Reinstatement Petition was not timely filed and is therefore barred by the three-year statute of limitations set forth in Section 413(a). Therefore, the Board did not err by affirming the decision of the WCJ in this regard. *See also O'Brien v. Workers' Compensation Appeal Board (Montefiore Hospital)*, 690 A.2d 1262 (Pa.Cmwlth.

1997), *petition for allowance of appeal denied,* 550 Pa. 694, 704 A.2d 1383 (1997).

Accordingly, the order of the Board is affirmed.

## *ORDER*

AND NOW, December 23, 2002, the order of the Workers' Compensation Appeal Board docketed at A01–1762 and dated June 12, 2002 is hereby AFFIRMED.