**Paul E. STOCK, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (FOOD CHEK SHOPPING BAG), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 9, 2007.

Decided Dec. 19, 2007.

Joseph C. Huttemann, Philadelphia, for petitioner.

Victoria R. Fogel, Blue Bell, for respondent.

BEFORE: McGINLEY and FRIEDMAN, JJ., and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Paul E. Stock (Claimant) petitions for review of the June 12, 2007, order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers' compensation judge (WCJ) to dismiss Claimant's petition to review compensation benefits (Review Petition) as untimely under section 413(a) of the Workers' Compensation Act (Act).[1] We also affirm.

On August 6, 1985, Claimant sustained a work-related neck injury and began receiving temporary total disability benefits pursuant to a notice of compensation payable (NCP) issued by Food Chek Shopping Bag (Employer) that described the injury as "acute cervical syndrome." His benefits subsequently were modified to reflect partial disability, and, in 1997, the WCAB approved Claimant's petition to commute his benefits and awarded Claimant a lump sum payment of $100,000, which Employer paid to Claimant on April 4, 1997.

On July 29, 1999, Claimant filed a petition to review compensation benefits, seeking specific loss benefits for scarring and disfigurement caused by surgeries required to treat his work-related injury. The petition was granted, and, pursuant to section 306(c)(22) of the Act, 77 P.S. § 513(22), Employer paid Claimant specific loss benefits during the period from March 21, 2002, through February 5, 2004.

Shortly thereafter, Claimant filed two identical petitions, both seeking to reinstate total disability benefits as of March 1, 1999. However, the WCJ held that Claimant's reinstatement petitions were barred by the statute of limitations set forth in section 413(a) of the Act. That section provides, in relevant part:

A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed: *Provided, That ... no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition.*

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 772.

77 P.S. § 772 (emphasis added). The WCJ found that Claimant filed his reinstatement petitions more than three years after his *disability* compensation had been finally paid in April 1997. The WCJ rejected Claimant's argument that Employer's subsequent payment of *specific loss* benefits, which are scheduled benefits unrelated to the concept of disability, constituted "compensation" so as to toll the limitations period set forth in section 413(a) of the Act. The WCAB affirmed, and, in a Memorandum Opinion in *Paul E. Stock v. Workers' Compensation Appeal Board (Food Chek Shopping Bag)*, (Pa.Cmwlth., No.1965 C.D.2005, filed March 2, 2006), this court also affirmed.[2]

On February 14, 2005, Claimant filed his Review Petition, alleging that, as of April 23, 2004, the NCP needs to be amended to include psychological injuries sustained by Claimant as a result of his work injuries. Employer filed an answer denying the material allegations and, as it did previously in connection with Claimant's reinstatement petitions, Employer raised the defense that Claimant's Review Petition is time barred by the Act.

Based on consideration of this court's prior unpublished opinion in *Stock*,[3] the WCJ dismissed Claimant's Review Petition as untimely filed, and, on appeal, the WCAB affirmed. Claimant now petitions this court for review of that order,[4] arguing that the WCAB and the WCJ erred in concluding that payment of specific loss benefits does not constitute payment of "compensation" as that term is used in section 413(a) of the Act.

■ Claimant argues that the decision to dismiss his Review Petition as untimely based on the nature of specific loss benefits is in error because it contravenes the plain language of the Act. Noting that section 306(c) of the Act specifically states that "For all disability resulting from permanent injuries of the following classes, the *compensation* shall be exclusively as follows: ...," 77 P.S. § 513 (emphasis added), Claimant maintains that Employer's payment of benefits to him under section 306(c)(22) clearly constitutes "compensation." Because Claimant filed his Review Petition on February 14, 2005, well within three years of the last payment of "compensation" on February 5, 2004, Claimant contends that he should not be time barred from proceeding with his Review Petition.

■ Thus, we again address the legal issue of whether, following a commutation of disability benefits,[5] the payment of spe-

---

2. By order dated May 2, 2006, this court denied Claimant's petition for reconsideration. By order dated October 12, 2006, our supreme court denied Claimant's petition for allowance of appeal, and, by order dated December 13, 2006, our supreme court denied Claimant's petition for reconsideration.

3. The WCJ also relied heavily on *Westinghouse Electric Corporation/CBS v. Workers' Compensation Appeal Board (Korach)*, 584 Pa. 411, 883 A.2d 579 (2005), as support for her ruling. Although we agree that there are similarities between *Westinghouse* and the present case, we note that, in *Westinghouse*, the court did not consider the specific issue that was raised here and decided in *Stock*, i.e., whether the statute of limitations in sec-

tion 413(a) is tolled by the payment of specific loss benefits awarded pursuant to a petition filed within three years of a commutation.

4. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with law or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

5. A commutation of benefits generally settles the obligations of the parties regarding the disability at issue. *Indiana Floral Co. v. Workers' Compensation Appeal Board (Brown)*, 793 A.2d 984 (Pa.Cmwlth.2002). Thus, a

cific loss benefits for disfigurement tolls the running of the section 413(a) three-year limitation period. After analyzing this issue in the context of Claimant's reinstatement petitions, this court, in *Stock,* held that payments for specific loss did not toll the time period under section 413(a). In doing so, we stated:[6]

> The purpose of the Section 413 statute of limitations, "is to encourage the prompt resolution of legal rights and to protect an employer from having to defend against stale claims." *Lopresti v. Workers' Comp. Appeal Bd. (Taylor Wharton Co.),* 692 A.2d 629, 631 (Pa. Cmwlth.1997). Accordingly, Section 413 provides the following clear limitation on the right to seek a reinstatement of total disability benefits: "[N]o notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition." The only logical construction of this provision is that, the petition seeking to review the claimant's earning power must be filed within three years of the last payment of compensation that was made under or pursuant to a document (NCP, agreement or award) establishing the claimant's disability status. In this case, the commutation order and award was the last document

that addressed Stock's earning power and paid him wage loss benefits in accordance therewith. The award of disfigurement benefits did not review or address Stock's disability status and, accordingly, no compensation for disability was paid in that context. Indeed, Stock did not need to establish any disability in order to demonstrate entitlement to the disfigurement benefits. Consequently, it would be illogical to hold that such payments, made irrespective of disability status, could toll the time period in which to seek a review and reinstatement of total disability.

*Stock,* slip op. at 10–11 (footnote omitted).

This sound reasoning applies with equal force to Claimant's Review Petition. Accordingly, we affirm the dismissal of Claimant's section 413(a) Review Petition as untimely filed.

### ORDER

AND NOW, this 19th day of December, 2007, the order of the Workers' Compensation Appeal Board, dated June 12, 2007, is hereby affirmed.

---

claimant who chooses to commute benefits faces an earlier limitations deadline than a claimant who continues to receive partial disability benefits on a weekly basis. In the latter case, the timer is reset upon the receipt of each new benefit payment; whereas, in the former situation, the timer begins to count down immediately after payment and is not reset again because there are no more compensation benefits to be paid. *Sena v. Workers' Compensation Appeal Board (Maps, Inc.),* 813 A.2d 32 (Pa.Cmwlth.2002), *appeal denied,* 573 Pa. 706, 827 A.2d 432 (2003).

**6.** According to Internal Operating Procedure No. 414 (IOP 414) of the Commonwealth Court, 210 Pa.Code § 67.52, unreported opinions are not generally permitted to be relied upon or cited to in published opinions. However, where a previously unreported opinion in the same case is necessary to provide an accurate history of the case, then IOP 414 provides that the court may recite the prior opinion as the law of the case.