**GIANT EAGLE, INC.,** Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (GIVNER),** Respondent.

Commonwealth Court of Pennsylvania.

Submitted Oct. 9, 2009.

Decided Nov. 18, 2009.

Reargument Denied Jan. 12, 2010.

Sylvester A. Beozzo, Pittsburgh, for petitioner.

No appearance entered on behalf of respondent.

BEFORE: McGINLEY, Judge, and BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge BUTLER.

Giant Eagle, Inc. (Employer) petitions this Court for review of the March 31, 2009 order of the Workers' Compensation Appeal Board (Board) affirming an order of a Workers' Compensation Judge (WCJ) granting the suspension petition of Employer as it relates to the wage loss benefits of Quila Givner (Claimant). Employer presents one issue for this Court's review: whether Claimant is entitled to medical benefits for the time Claimant did not attend her WCJ ordered physical examination with a physician of Employer's choice.

For reasons that follow, we affirm the Board's order.

Claimant suffered a work injury on June 4, 1998 and received workers' compensation benefits pursuant to a Notice of Compensation Payable. Claimant's benefits were subsequently modified to partial, effective August 9, 2001, pursuant to an award, and the amount of Claimant's partial disability benefits was subsequently modified by two supplemental agreements. On October 29, 2007, Employer filed a modification/review petition based on its determination that Claimant was capable of part-time modified work with Employer, and Claimant's failure to return to work notwithstanding the fact that Employer had a suitable position available for her. On December 4, 2007, the WCJ ordered Claimant to appear at an independent medical examination (IME) scheduled for December 12, 2007. Claimant failed to attend. Employer filed a suspension petition on December 17, 2007.

■ The WCJ granted Employer's petition and suspended Claimant's wage loss benefits as of December 12, 2007, continuing until she attends an IME. Employer appealed to the Board seeking that Claimant's medical benefits be suspended as well. On March 31, 2009, the Board affirmed the WCJ's order. Employer timely filed an appeal to this Court.[1]

■ Employer argues that Section 314(a) of the Workers' Compensation Act (Act)[2] mandates that Claimant must be deprived of all compensation, both medical and wage loss benefits, for failing to attend an IME ordered by the WCJ. We disagree.

Section 314(a) of the Act provides in pertinent part:

The refusal or neglect, without reasonable cause or excuse, of the employee to submit to such examination ... ordered by the workers' compensation judge ... shall deprive him of the right to compensation, under this article, during the continuance of such refusal or neglect, and the period of such neglect or refusal shall be deducted from the period during which compensation would otherwise be payable.

The issue of whether "compensation" includes medical benefits as well as wage loss benefits under Section 314(a) of the Act is a matter of first impression. The Board relied on the case of *O'Brien v. Workers' Comp. Appeal Bd. (Montefiore Hosp.)*, 690 A.2d 1262 (Pa.Cmwlth.1997) to support its position that the term "compensation" does not include medical benefits. The issue in the *O'Brien* case concerned the definition of "compensation" with respect to the application of Section 413 of the Act.[3] Although the Court held that the definition of compensation is to be made on a section by section basis, in a

---

1. This Court's review is limited to determining whether an error of law was committed, whether the findings of fact are supported by substantial evidence and whether the Claimant's constitutional rights were violated. *Sysco Food Servs. of Phila. v. Workers' Comp. Appeal Bd. (Sebastiano)*, 940 A.2d 1270 (Pa. Cmwlth.2008).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 651(a).

3. 77 P.S. § 772 (providing, in relevant part, "[a] workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employee has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed").

footnote the Court stated that in cases where the employer's liability has already been determined, "medical expenses and compensation are considered to be separate." *O'Brien*, 690 A.2d at 1265 n. 6. Accordingly, since liability has already been determined in the instant case, the term "compensation" could refer to the wage loss benefits only. As case law is otherwise silent on this issue, and the Board's decision is perfectly logical, we decline to hold that in making such a finding the Board committed an error of law.

■ Further, we hold that under Section 314(a), suspending both medical and wage loss benefits is a matter that falls within the sound discretion of the WCJ, subject to review for an abuse of such discretion.[4] Noting the humanitarian purposes of the Act, we hold that where a WCJ would suspend both wage loss benefits and medical benefits, the WCJ must expressly state that medical benefits are suspended in addition to wage loss benefits.

For all of the above reasons, the order of the Board is affirmed.

### ORDER

AND NOW, this 18th day of November, 2009, the March 31, 2009 order of the Workers' Compensation Appeal Board is affirmed.

---

4. We recognize that a case may arise wherein a WCJ may find it appropriate to suspend both medical and wage loss benefits to vindicate the purpose of the statute, such as an instance where a Claimant has already had his wage loss benefits suspended and persists in continued violation of the Act. We do not constrain WCJs by forcing them to allow claimants to refuse medical examination while continuing to receive medical benefits.