IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael W. Maurer,                          :
                            Petitioner     :
                                            :
            v.                              :
                                            :
Workers' Compensation Appeal                :
Board (Lion Mining Company),                :          No. 1032 C.D. 2017
                            Respondent      :          Submitted: January 12, 2018


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED: February 28, 2018


        Michael Maurer (Claimant) petitions *pro se* for review of an adjudication by the Workers' Compensation Appeal Board (Board) affirming the decision and order of Workers' Compensation Judge (WCJ) Gallishen[1] denying a claim for benefits filed against Lion Mining Company (Employer) pursuant to the Workers' Compensation Act (Act).[2] We affirm the Board.

        Claimant suffered an injury in the course of his employment with Employer on June 7, 1994. His injury was described as a sprained left shoulder and neck in a Notice of Compensation Payable. Claimant's injury description was later

_____

[1] Claimant has been involved in extensive workers' compensation litigation before multiple WCJs.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

expanded by WCJ Cicola.[3]  On January 30, 1998, Claimant's right to indemnity benefits was commuted by WCJ Cicola in conjunction with a $102,000 lump sum payment.  Thereafter, Claimant received disfigurement benefits in 1999 and 2004.  On February 16, 2005, WCJ Desimone approved a Compromise and Release Agreement (C&R) under which Claimant settled all outstanding medical claims in exchange for $80,000.

On January 11, 2016, Claimant filed a claim petition seeking additional disfigurement benefits.  Specifically, Claimant sought compensation for a scar of approximately five inches on his neck, and scars of approximately one-half inch on each of his eyelids.  Claimant alleged that these scars were caused by surgeries resulting from his 1994 work injury.  Following a hearing, WCJ Gallishen concluded that Claimant's new disfigurement claim was time-barred.[4]  Claimant appealed to the Board, which affirmed WCJ Gallishen's ruling that Claimant's claim was barred by the three-year statute of limitations period set forth in section 413 (a) of the Act, 77 P.S. § 772.  This appeal followed.[5]

---

[3] In a decision dated June 27, 1997, WCJ Cicola described Claimant's injury as "cervical strain/sprain, cervical subluxation, neurovascular headaches, lumbosacral sprain/strain, lumbar subluxation, thoracic sprain/strain, lumbago, lumbar radiculgia, shoulder strain, torn supraspinatus tendon (rotator cuff), subacromial bursitis, herniated C5-6 cervical disc, torn left rotator cuff, whiplash injury to his left upper extremity, and a pulled brachial plexus."  WCJ Gallishen Decision, 7/8/2017, at 3 (citation omitted).

[4] WCJ Gallishen also ruled that Claimant failed to present unequivocal medical evidence establishing a causal connection between his work injury and the scars; that Claimant's eyelid scars were not unsightly, and therefore, not compensable; that Claimant's neck scar claim was barred by *res judicata*; and that the C&R barred Claimant from disfigurement benefits for these scars.  Because of our resolution of the statute of limitations issue in this case, we decline to address these additional issues.

[5] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

2

Section 413(a) of the Act provides, in relevant part, as follows:

> A workers' compensation judge. . . may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed: Provided, That, except in the case of eye injuries, *no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition.*

77 P.S. § 772 (emphasis added).

In *Seekford v. Workers' Compensation Appeal Board (R.P.M. Erectors)*, 909 A.2d 421 (Pa. Cmwlth. 2006), this Court considered the operation of the three-year limitation period set forth in section 413(a) where a claimant had previously agreed to commute his benefits in exchange for a lump sum payment. The claimant in *Seekford* commuted his benefits for $125,000 in 1996. *Id.* at 428. More than three years after receipt of that payment, the claimant filed a petition seeking specific loss compensation for the loss of the use of his arm, but this Court determined that he was time-barred pursuant to section 413(a) of the Act. *Id.*

3

> The statute of limitations in [s]ection 413(a) is like a countdown timer. For a claimant who chooses not to commute benefits, there is no statute of limitations problem because the time is regularly reset upon each new receipt of benefits. However, for a claimant who commutes benefits and receives one lump sum payment, the time begins to count down immediately after that payment and it does not reset again because there are no more payments of compensation benefits.

*Sena v. Workers' Compensation Appeal Board (Maps, Inc.)*, 813 A.2d 32, 35 (Pa. Cmwlth. 2002).

In this case, Claimant agreed to commute his benefits in 1998 in exchange for $102,000. That commutation triggered section 413(a)'s three-year statute of limitations. More than seventeen years later, Claimant filed a petition seeking specific loss benefits. The Board did not err in affirming the determination that Claimant's petition was time-barred.[6] *Seekford.*

For these reasons, we affirm the order of the Board affirming WCJ Gallishen's decision.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[6] We note that Employer did not assert a statute of limitations defense when Claimant sought and received benefits for disfigurement based on other scars in 2004. However, the failure to raise the defense in a prior action does not preclude Employer from asserting the defense here. Even if Claimant's three-year statute of limitations clock "reset" upon receipt of those benefits in 2004, his present claim is nevertheless untimely under section 413(a) and *Seekford.*

4

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael W. Maurer, : 
          Petitioner : 
           : 
        v. : 
           : 
Workers' Compensation Appeal : 
Board (Lion Mining Company), :     No. 1032 C.D. 2017
         Respondent :

### O R D E R

AND NOW, this 28th day of February, 2018, the order of the Workers' Compensation Appeal Board, dated June 20, 2017, is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge