**CHESTER UPLAND SCHOOL DISTRICT, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LEE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 24, 2003.

Decided April 2, 2003.

David W. Brown, Huntingdon Valley, for petitioner.

Conal P. Hickey, Media, for respondent.

BEFORE: COLINS, President Judge, FRIEDMAN, Judge, FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The Chester Upland School District (School District) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ) which denied the School District's petition on the basis that it was filed beyond the three-year statute of limitations as set forth in Section 315 of the Workers Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 772. We affirm.

On July 21, 1994, Frank Lee (Lee) sustained a low back injury in the course and scope of his employment as a custodian for the School District. Lee received total disability benefits at the rate of $399.91. In August of 1996 the School District and Lee agreed to a commutation of benefits. Lee's benefits were reduced to partial disability in the amount of $78.00 per week over 500 weeks. The School District terminated Lee in October of 1996. Through his Union, Lee filed a grievance alleging that he was improperly terminated and that by September 1997, he could return to

full duty. Following a hearing before the arbitrator and the issuance of a decision in September of 2000, Lee was reinstated to his prior position at a salary equal to or in excess of his pre-injury average weekly wage and has continued to work in that position to date.

■ On April 12, 2001, the School District filed a petition to review compensation benefits, alleging that it is entitled to a credit in the amount of $78.00 per week against Lee's wages as a result of his return to work at his full salary. On July 2, 2001, the WCJ dismissed the petition as being filed beyond the three year statute of limitations as set forth in Section 315 of the Act. The School District appealed to the Board. On August 14, 2001, the Board affirmed the WCJ's decision. The School District now petitions our Court for review.[1]

The School District contends that the Board erred in affirming the WCJ's denial of the School Board's petition to review on the basis that it was filed beyond the three-year statute of limitations.

Section 413(a) of the Act provides, in pertinent part as follows:

A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department ... Provided, That ... no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition ... And provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in earnings does not result from the disability due to the injury.

77 P.S. § 772.

In *Sena v. Workers' Compensation Appeal Board (Maps, Inc.)*, 813 A.2d 32 (Pa. Cmwlth.2002), we reasoned that:

The statute of limitations in Section 413(a) is like a countdown timer. For a claimant who chooses not to commute benefits, there is no statute of limitations problem because the timer is regularly reset upon each new receipt of benefits. However, for a claimant who commutes benefits and receives one lump sum payment, the timer begins to count down immediately after that payment and it is not reset again because there are no more payments of compensation benefits.

*Id.* at 35.

■ Our Court has continuously warned claimants of the dangers of commuting benefits. A claimant who commutes benefits runs the risk of being beyond the statute of limitations when their injury worsens or their disease progresses. *See, Sena* and *Stewart v. Workmen's Compensation Appeal Board (Pa. Glass Sand)*, 562 Pa. 401, 756 A.2d 655 (2000). The risk is two fold however, as the employer runs the risk of a claimant recovering and re-

---

1. Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation)*, 139 Pa.Cmwlth.15, 589 A.2d 291 (1991).

turning to work after the three-year statute of limitations has run but prior to the end of the commutation period. If an employer is concerned about this risk, he has the option of making weekly payments and extending the statute of limitations for the length of claimant's eligibility. Commutation of benefits is a gamble for both parties and when gambling, sometimes you lose.

Accordingly, we must affirm the Board.

### ORDER

AND NOW, this 2nd day of April, 2003 the order of the Workers' Compensation Appeal Board in the above captioned matter is affirmed.