BUDD BAER, INC. and Universal Underwriters Insurance Company, Petitioners

v.

WORKERS' COMPENSATION APPEAL BOARD (BUTCHER), Respondent.

Commonwealth Court of Pennsylvania.

Submitted Dec. 23, 2005.
Decided Feb. 9, 2006.

Lisa K. Lane, Wexford, for petitioner, Budd Baer, Inc.

Richard P. Gaitens, Pittsburgh, for respondent.

BEFORE: PELLEGRINI, Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Budd Baer, Inc., (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed an order of a Workers' Compensation Judge (WCJ) denying Employer's termination petition and granting Glenn Butcher's (Claimant) petition to review compensation benefits, pursuant to the provisions of the Pennsylvania Work-

ers' Compensation Act (Act).[1] We reverse in part.

Claimant was employed by Employer as a mechanic. On April 28, 1994, Claimant was injured when a barrel he was welding exploded. Claimant was thrown into the air, lost consciousness and was life-flighted to a hospital. His injuries were recognized by a notice of compensation payable (NCP). The injuries were described as "multiple injuries from explosion." (WCJ opinion, R.R. at 11a).

On October 30, 1996, Claimant's benefits were commuted by order of the WCJ. The sum total of the benefit awarded was $110,000.00. Under the agreement, Employer remained responsible for continued payment of causally related medical expenses. (R.R. 67–73a).

On May 17, 2002, Employer filed a termination petition alleging that Claimant had fully recovered from his work-related injury as of March 25, 2002. Claimant denied this allegation and on June 14, 2002, filed a petition for review of compensation benefits alleging an incorrect description of the injury. Claimant later amended the review petition to include a claim petition alleging psychological injuries. Employer responded by asserting that Claimant's petition was time-barred by Section 413(a) of the Act, 77 P.S. § 772.

At the hearing before the WCJ, Claimant testified that the work-related injury caused lacerations to his face and head. He also sustained broken teeth, a broken left arm, a broken right hand, a broken sternum, and two broken ribs. He further sustained injuries to his back and right shoulder.

Claimant stated that he currently has severe migraine headaches and neck pain. He claimed that he has severe back pain that radiates into his right leg. He explained that in 1999, he began treatment for depression.

Susan Butcher, Claimant's wife, testified that in 1999 Claimant put a gun to his head and told their daughter "that this was his last peace." (R.R. at 12a).

Lawrence B. Haddad, Ph.D, a licensed psychologist, testified on behalf of the Claimant. He stated that he began treating Claimant on February 20, 1999. He opined that Claimant suffered from post-traumatic stress, anxiety and major depression. He concluded that the psychological problems all stemmed from the work-related injuries.

Richard Kasdan, M.D. testified on behalf of Employer. He opined that Claimant was fully recovered from his work-related injuries and did not find that Claimant had any significant cognitive dysfunction.

The WCJ found Claimant and his wife credible. He further accepted the opinions of Dr. Haddad as credible. As such, he determined that Claimant had not recovered from his work-related injuries and expanded the description of his injuries to include a psychological component. The WCJ further found that Claimant's review petition was not barred by the statute of limitations. Accordingly, Employer's termination petition was denied and Claimant's review petition was granted.

Employer appealed to the Board. Employer raised numerous issues on appeal, including an allegation that Claimant's review petition was time barred by the statute of limitations. The Board rejected all of Employer's claims and affirmed the order of the WCJ.

██ Employer now appeals to this Court.[2] Here, Employer only raises one

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–4041.4; 2501–2626.

2. Our scope of review is limited to determining whether there has been a violation of

issue. Claimant alleges that the WCJ erred in failing to find that Claimant's review petition was not time barred by the statute of limitations.

In making its determination in favor of Claimant, the Board relied on our decision in *Westinghouse Electric Corporation/CBS v. Workers' Compensation Appeal Board (Korach)*, 829 A.2d 387 (Pa.Cmwlth.2003). The Board noted that *Korach* was substantially similar to Claimant's case. However, the Pennsylvania Supreme Court recently reversed this decision in *Westinghouse Electric Corporation/CBS v. Workers' Compensation Appeal Board (Korach)*, 584 Pa. 411, 883 A.2d 579 (2005).

In *Korach*, the claimant suffered a work-related injury in 1984. Pursuant to an NCP, the employer accepted liability for an injury in the nature of a back strain. In 1989 the claimant began treatment for depression and the employer paid the bills submitted for the claimant's psychiatric care.

In 1990 Claimant benefits were commuted to a lump sum payment. However, it was stipulated that the Employer would be liable for any medical expenses related to the work injury. The employer paid the bills for psychiatric expenses from 1989 through 1998. In 1998, the employer changed insurers and following an internal review, determined that it was not liable for payment of the psychological expenses.

Following the employer's refusal to pay medical expenses, the claimant filed a claim petition asserting a psychiatric injury. The employer responded by alleging

that the claim was barred by the statute of limitations. The WCJ ordered the employer to pay for the claimant's psychiatric care and found that the claim petition was not time-barred. The Board agreed.

On appeal to this Court, the claimant alleged that the employer should be estopped from raising a statute of limitations claim, since it had paid the psychiatric bills for years. The claimant alleged that he was lulled into a false belief that his claim was covered based on the payment of the bills by the employer. The claimant also alleged that he was seeking to enforce the terms of the commutation award in seeking payment of medical expenses.

This Court determined that by paying psychiatric bills for eight years the employer's course of conduct reflected an acceptance to pay and a continuing obligation to do so. We further determined that failure to make the payments was contrary to the terms of the commutation agreement, as the agreement provided an obligation to pay for reasonable and necessary medical expenses.

The Pennsylvania Supreme Court granted allowance of appeal to the employer. It held that the employer's actions in paying the psychiatric bills did not establish that the employer had a continuing obligation to do so. It determined that the employer could only be estopped from challenging the payments if it was established that the employer committed fraud, concealment or misrepresentation. The Court held that merely paying the bills submitted by the claimant did not establish wrongdoing.

---

constitutional rights, an error of law or whether necessary findings of fact are supported by substantial evidence. *Tri–Union Express v. Workers' Compensation Appeal Board (Hickle)*, 703 A.2d 558 (Pa.Cmwlth. 1997). We also note our Supreme Court's decision in *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*,

571 Pa. 189, 812 A.2d 478 (2002), which held that "review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the court." *Leon E. Wintermyer, Inc.*, 571 Pa. at 203, 812 A.2d at 487.

The Court noted that the employer's conduct did not prevent the claimant from filing a timely action to amend the NCP.

The Pennsylvania Supreme Court further determined that a commutation is an award, not a contract. Thus, it determined that this Court erred in applying contract principles to the commutation award.

The Pennsylvania Supreme Court went on to note that where a claimant is alleging that a psychiatric condition stemmed from his original work-related injury, then the appropriate filing was a petition to amend the NCP pursuant to Section 413(a). Pursuant to Section 413(a) the NCP cannot "be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition." Additionally, Section 306(f.1)(9) of the Act, 77 P.S. § 531(9), provides that payment by an employer for medical services "after any statute of limitations provided for in this act shall have expired shall not act to reopen or revive the compensation rights for purposes of such limitation." Accordingly, the Pennsylvania Supreme Court reversed our decision.

The Pennsylvania Supreme Court has concluded that the doctrine of equitable estoppel cannot toll the statute of limitations unless the Claimant can establish fraud, concealment or misrepresentation on the part of the employer. In the instant action, Claimant did not make such allegations as to Employer. As such, equitable estoppel cannot apply in this case.

■ The Pennsylvania Supreme Court has also determined that contract principles are not applicable to a commutation award and that the three-year period for filing a petition to amend a NCP is not tolled by an employer's continued payment of medical bills. In the instant action, the Claimant's commutation award was granted in 1996 and his petition to add the psychological injury was filed in 2002. Clearly, Claimant did not file his claim within the three-year statute of limitations. As such, the determination of the Board must be reversed.

■ Claimant responded by alleging that he should have filed a penalty petition for non-payment of medical bills and suggests that this Court now consider its review/claim petition as a penalty petition. We must reject this argument as Claimant is raising this issue for the first time in his appeal to this Court. Issues not raised before the WCJ and the Board are deemed waived on appeal to this Court. *Mearion v. Workers' Compensation Appeal Board (Franklin Smelting & Refining Co.)*, 703 A.2d 1080 (Pa.Cmwlth.1997), *petition for allowance of appeal denied*, 555 Pa. 748, 725 A.2d 1223 (1998).

While the result in the instant action appears harsh, this Court has warned claimants that commuting benefits can pose a danger. "A claimant who commutes benefits runs the risk of being beyond the statute of limitations when their injury worsens or their disease progresses." *Chester Upland School District v. Workers' Compensation Appeal Board (Lee)*, 820 A.2d 836 (Pa.Cmwlth.2003). However, "the employer runs the risk of a claimant recovering and returning to work after the three-year statute of limitations has run but prior to the end of the commutation period." *Chester Upland School District*, 820 A.2d at 838. As such, "[c]ommutation of benefits is a gamble for both parties and when gambling, sometimes you lose." *Id.*

Accordingly, the order of the Board granting Claimant's review petition such that the description of injury was amended

to include a psychological component is reversed.[3]

## *O R D E R*

AND NOW, this 9th day of February, 2006, the order of the Workers' Compensation Appeal Board is reversed in part in accordance with the above decision.

**3.** We note that Employer did not challenge the Board's ruling as to its termination peti- tion. Thus, the denial of the termination peti- tion remains in effect.