# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Friday,                                :
                         Petitioner           :
                                              :
         v.                                   :   No. 559 C.D. 2015
                                              :   No. 560 C.D. 2015
Workers' Compensation Appeal                  :   Submitted: October 23, 2015
Board (Pennsylvania State University),        :
                         Respondent           :


BEFORE:  HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
         HONORABLE P. KEVIN BROBSON, Judge
         HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                          **FILED:  January 11, 2016**


         Petitioner Samuel Friday (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), in which the Board, reversing a Workers' Compensation Judge (WCJ) decision, held, *inter alia*, that Claimant's effort to amend the description of his work injury to include depression and anxiety was untimely.  We now affirm the Board's order.

         Claimant sustained an injury to his back in 1988 when he fell approximately thirty feet during the course of his employment.  The Notice of Compensation Payable (NCP) at that time described Claimant's injury as a lumbar strain/sprain.  Claimant later had surgeries to treat his back condition.  In 1998, Claimant, Employer, and Employer's insurer, PMA Management Company, entered into a compromise and release agreement.  The parties submitted a petition

seeking approval of the agreement, which a WCJ granted. (Reproduced Record (R.R.) at 43a-51a.) The agreement disposed of all indemnity claims (R.R. at 47a), but it also provided that, after the date of the agreement, Employer would pay for all reasonable and necessary medical treatment "causally related" to Claimant's 1988 work-related injury. (R.R. at 48a.)

In July 2012, Lawrence Leventhal, M.D., issued a utilization report (UR), reviewing the reasonableness and necessity of medications prescribed for Claimant by his treating physician, Jerome DeJulia, M.D. Dr. Leventhal's report found prospective treatment with the following medications to be reasonable and necessary: Soma, Compazine, Amaryl, Thermacare wraps, Percocet, Xanax, Paroxetine, Gabapentin, Nexium, Meloxicam, and Viagra. (Claimant's Ex. C-1.) On September 4, 2012, Employer filed a petition for review of the UR determination regarding the following medications: Paroxetine, Alprozolam, Thermacare wraps, Viagra, Oxycodone, Meloxicam, and Nexium.[1] (R.R. at 8a.) On December 26, 2012, Employer filed a medical review petition, asserting that the following medications were not related to Claimant's work injury: Soma, Compazine, Amaryl, Percocet, Xanax, Paroxetine, Gabapentin, Nexium, Meloxicam, and Viagra. (R.R. at 12a.) On August 16, 2013, Claimant filed a

---

[1] Alprozolam and Oxycodone were not specifically listed on Dr. Leventhal's UR determination as medications that he found to be reasonable and necessary for Claimant's prospective treatment. We note, however, that Alprazolam is also known as Xanax, which was listed on Dr. Leventhal's UR determination. (*See* WCJ's opinion, attached to Petitioner's Br. at A-3, Finding of Fact (F.F.) No. 7.) Furthermore, while Oxycodone also was not listed, we note that Percocet was listed on the UR determination. "Percocet contains a combination of acetaminophen and oxycodone." http://drugs.com/percocet.html (Last visited January 5, 2016.) The question of whether Oxycodone and Percocet are reasonable and necessary for Claimant's prospective treatment is not before the Court.

review petition, seeking to add to his identified work-related injuries the following conditions: failed low back syndrome and status post two laminectomies with fusion, secondary to marked spondylolisthesis at L5-S1, and depression and anxiety.

Following consolidated hearings, the WCJ determined, in part, that Claimant met his burden to prove that the NCP should be amended to include depression and anxiety as part of the description of his work-related injury, because the WCJ found those injuries to have arisen from the chronic pain syndrome caused by Claimant's initial work-related back injury. The WCJ also determined that Dr. DeJulia's prescriptions for Xanax and Paroxetine/Paxil are reasonable and necessary to treat Claimant's depression and anxiety.

Employer appealed to the Board from the WCJ's decisions,[2] raising the primary question of whether the WCJ erred in dismissing Employer's medical review petition as it pertained to the Xanax and Paroxetine/Paxil that Dr. DeJulia prescribed, based upon the contention that those medications relate to the diagnoses of depression and anxiety. Employer asserted that the three-year statute of limitations contained in Section 413(a) of the Workers' Compensation Act

---

[2] Procedurally, the WCJ indicated that he would address: (1) Employer's petition to review the UR and its medical review petition (Docket No. A14-0065); and (2) Claimant's review petition (Docket No. A14-0070) as consolidated matters. (September 18, 2013 Hr'g Tr. at 8.) Apparently, the WCJ did not formally consolidate Employer's petitions and Claimant's review petition but rather treated them as distinct matters, issuing two identical decisions. Employer appealed from both of those decisions, and the Board likewise issued two identical decisions and orders. Thereafter, Claimant filed the two identical petitions for review that are before this Court.

3

(Act)[3] precluded the WCJ's expansion of Claimant's work-related injury to include depression and anxiety.

The Board reversed the WCJ's decision with regard to the expansion of Claimant's work-related injuries to include depression and anxiety. The Board agreed with Employer's argument that Claimant's review petition was untimely under Section 413(a) of the Act. Based upon that conclusion, the Board also held that Employer is not responsible to pay for Claimant's Xanax or Paroxetine/Paxil medications.

Claimant petitions for review of the Board's orders,[4] raising the sole issue of whether the Board erred in concluding that Section 413(a) of the Act precludes him from seeking to expand the description of his work-related injury when he stopped receiving indemnity compensation for his original back injury based upon his compromise and release agreement, but he continued to receive medical benefits for treatment causally related to his 1988 work injury. In support of his claim of error, he presents the following arguments: (1) the compromise and release agreement did not alter Employer's duty to pay for medical costs associated

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772. Section 413(a) of the Act provides, in pertinent part, as follows:

> A workers' compensation judge . . . may, at any time, modify . . . a[n NCP], an original or supplemental agreement or an award of . . . [a WCJ], upon petition filed by either party . . . upon proof that the disability of an injured employe has increased . . . . Such modification . . . shall be made as of the date upon which it is shown that the disability of the injured employe has increased . . . : Provided, That . . . no [NCP] . . . shall be . . . modified . . . unless a petition is filed . . . within three years after the date of the most recent payment of compensation made prior to the filing of such petition.

[4] Our review in this case is limited to considering whether the Board erred as a matter of law in reversing the WCJ's decision. 2 Pa. C.S. § 704.

4

with Claimant's 1988 work injury, which, Claimant contends, includes the treatment for his depression and anxiety; (2) the payment of medical benefits constitutes the payment of "compensation" for purposes of Section 413(a) of the Act, and, therefore, Employer's payment for the treatment of his depression and anxiety tolled the statute of limitations period contained in Section 413(a); (3) the Board erroneously ignored the WCJ's finding that depression and anxiety are "integral" parts of chronic pain syndrome, a condition that the WCJ found to have been caused by Claimant's identified work injury and which the WCJ included in the amended description of Claimant's injuries;[5] and (4) the Board's decision violates the terms of the compromise and release agreement, which, as we noted above, provides for continued payment of medical benefits for treatment causally related to the 1988 work injury.

Before considering the questions presented, we note the following significant facts regarding the timing of the diagnosis of Claimant's depression and anxiety and Dr. DeJulia's treatment of those conditions. Claimant signed the compromise and release in February 1998, and the WCJ issued his decision approving the agreement on the same day. Claimant did not begin to see Dr. DeJulia until approximately January 2002. In his testimony, Dr. DeJulia stated that Claimant experienced depression "early in the course of my treatment" and that he began to prescribe medications for those conditions "within a few years of the initiation" of his therapy. (Supplemental Reproduced Record (S.R.R.) at 26b; 41b.) In other words, more than three years elapsed following the approval

_____

[5] As the Board noted, Employer did not challenge the WCJ's amendments to the NCP except with regard to Claimant's depression and anxiety.

5

of the agreement ending Employer's indemnity liability and the time Dr. DeJulia began to prescribe Xanax and Paroxetine/Paxil to treat Claimant's depression and anxiety. The record contains no indication that Claimant had received such treatment before he signed the agreement to end indemnity benefits.

Beginning with Claimant's first two arguments, we note that they parallel the questions that were raised in our Supreme Court's decision in *Westinghouse Electric Corporation/CBS v. Workers' Compensation Appeal Board (Korach)*, 883 A.2d 579 (Pa. 2005) (*Westinghouse*). In *Westinghouse*, the claimant sustained a work-related injury in 1979 that the NCP identified as a back sprain, and he began to receive total disability benefits. The claimant and his employer entered into a supplemental agreement five years later, reducing the claimant's compensation benefits from total to partial disability. Thereafter, the claimant and the employer commuted the partial disability benefits to a $77,000 lump sum payment, and the employer remained liable for medical benefits. From 1989 through 1998, the employer paid the costs of the claimant's psychiatric treatment, but it ceased making those payments when, following a review of records, the employer realized that the NCP did not include any psychiatric condition. In 1998, the claimant filed a claim petition, seeking to add his psychiatric condition, claiming that his 1979 back injury caused his psychiatric condition. The employer's answer asserted that the claimant should have filed his claim as a petition to review the NCP, but that, even if the claimant had done so, both Sections 315[6] and 413 of the Act barred the petition as untimely.

---

[6] Section 315 of the Act, *as amended*, 77 P.S. § 602.

6

In *Westinghouse*, the Supreme Court observed that the statute of repose contained in Section 315 of the Act bars the filing of a new claim by a claimant and the statute of limitations contained in Section 413 bars amendments to claims that have been filed previously. The Supreme Court opined that "Section 413(a) of the Act provides the appropriate procedure to amend an NCP to add related injuries," *Westinghouse*, 883 A.2d at 589, and concluded that Section 413(a) of the Act was the applicable section in that case because the claimant alleged that his psychiatric condition was a direct result of his original back injury. Similarly, in this matter, Claimant is seeking to amend the original NCP to include mental injuries that arose as a result of his original injury. Thus, there is no doubt in this case that Claimant correctly filed a review petition to amend the original NCP in accordance with Section 413(a) of the Act.

Based upon the holding in *Westinghouse* and this Court's more recent decision in *Seekford v. Workers' Compensation Appeal Board (R.P.M. Erectors)*, 909 A.2d 421 (Pa. Cmwlth. 2006), we reject Claimant's argument that the compromise and release imposed upon Employer a responsibility to pay for the treatment of Claimant's depression and anxiety.[7] Although *Westinghouse* and *Seekford* involved commutations of partial disability benefits, the holdings in those cases are equally applicable to the compromise and release agreement which resolved Employer's liability for the payment of disability benefits.

---

[7] In *Seekford*, we rejected a claimant's argument that, because his alleged injury arose from his original injury and the employer paid for medical treatment of the related injury, the commutation of his partial disability benefits did not trigger the running of the three-year statute of limitations under Section 413(a) of the Act.

7

Also, despite the clear holding in *Westinghouse*, explaining the distinction between a statute of repose and a statute of limitation, Claimant, nonetheless, argues that the Court should conclude that Employer's payment of medical benefits tolls the running of Section 413(a)'s statute of limitations.[8] Claimant's argument that medical payments constitute "compensation" for the purpose of the statute of limitations in Section 413(a) of the Act conflicts with the settled law of the Commonwealth that medical payments only constitute a type of compensation for the purpose of tolling the statute of repose in a matter arising under Section 315 of the Act, but they do not constitute "compensation" for the purpose of the statute of limitation in Section 413(a) of the Act. *Westinghouse*, 838 A.2d at 591; *Riggle v. Workers' Comp. Appeal Bd. (Precision Marshall Steel Co.)*, 890 A.2d 50, 56 (Pa. Cmwlth. 2006); *Budd Baer, Inc. v. Workers' Comp. Appeal Bd. (Butcher)*, 892 A.2d 64, 67 (Pa. Cmwlth.) (holding that under Section 413(a) of Act, medical payments do not constitute "compensation" despite potentially harsh result, claimants electing to sign agreement foregoing indemnity benefits bear "the risk of being beyond the statute of limitations when their injury

---

[8] The Supreme Court in *Westinghouse* explained:

[A] critical distinction exists between the statute of repose present in Section 315 [of the Act], where the employer's liability has not yet ripened, and the statute of limitations of Section 413(a) [of the Act], where employer's liability has been established. Pursuant to the former section, payment of medical expenses and/or wage loss benefits as payments in lieu of compensation may toll the time limitations of Section 315 [of the Act]. Conversely, however, pursuant to the latter, liability is established and medical expenses and wage loss benefits are then considered separately.

*Westinghouse*, 883 A.2d at 591 (citations omitted).

8

worsens or their disease progresses"), *appeal denied*, 906 A.2d 544 (Pa. 2006); *Seekford*, 909 A.2d at 427-28. Thus we reject Claimant's argument.

Claimant's depression and anxiety, while distinct from the injury identified in the initial NCP, purportedly arose from Claimant's original low back sprain/strain injury and, under Section 413(a) of the Act, Claimant was required to comply with the time limitations set forth in that provision—*i.e.*, file his review petition within three years of the last payment of compensation, which occurred in 1998 as a result of the compromise and release agreement.

With regard to Claimant's argument that the Board's decision constitutes a violation of contractual principles arising under the compromise and release agreement, we also find that argument meritless. First, the compromise and release was drafted in reference to the injury identified as occurring in 1989. Second, in *Budd Baer*, we held that contract principles do not apply to a workers' compensation commutation award. *Budd Baer*, 892 A.2d at 67. Accordingly, we reject this argument.

Finally, Employer also asserts that Claimant has waived the question of whether the prescriptions for Xanax and Paxil were for Claimant's identified chronic pain injury, rather than a direct treatment for his distinct depression and anxiety conditions, because he failed to raise that issue in his petition for review and his statement of questions presented to the Court. We agree with Employer that Claimant did not raise this issue in his statement of questions presented. In his statement of questions presented, Claimant only challenged the Board's reversal of the WCJ's expansion of the identified injury with regard to his depression and anxiety where Claimant continued to receive medical benefits after entering a compromise and release agreement. Claimant's single question only asserted that

9

the compromise and release agreement did not trigger the running of the statute of limitations under Section 413(a) of the Act. Pennsylvania Rule of Appellate Procedure 2116 provides that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." We agree with Employer that the statement of questions involved does not explicitly or "fairly" suggest the question posed above. Accordingly, we deem the issue waived.

Additionally, even if Claimant had not waived the issue, we agree with Employer that Claimant's reliance upon the WCJ's factual finding is misplaced. Although the WCJ did phrase his finding regarding Dr. DeJulia's testimony to characterize Claimant's "depression of chronic disease" as an "integral part of chronic pain syndrome," the WCJ did not find that Dr. DeJulia testified that he prescribed the depression and anxiety medications to treat Claimant's chronic pain. Rather, the WCJ found that Dr. DeJulia testified that he solely managed "Claimant's chronic pain . . . through narcotic analgesics and medication to alleviate the paresthetic pain in the bilateral lower extremities." (Finding of Fact (F.F.) No. 31.) With regard to Claimant's depression, the WCJ found that Dr. DeJulia testified that he initially treated Claimant with Paroxetine and added Xanax at a later date. (F.F. No. 37.) Dr. DeJulia's testimony supported only the conclusion that Claimant's original back pain caused his chronic pain syndrome, which, in turn, later caused Claimant to become depressed and to have anxiety, which Dr. DeJulia treated by Paroxetine and Xanax, which medications Dr. DeJulia had not prescribed to treat Claimant's pain syndrome.

Accordingly, we affirm the Board's order.

_____
P. KEVIN BROBSON, Judge

Judge Cohn Jubelirer did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Samuel Friday, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 559 C.D. 2015 |
| | : | No. 560 C.D. 2015 |
| Workers' Compensation Appeal | : | |
| Board (Pennsylvania State University), | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 11th day of January, 2016, the order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
P. KEVIN BROBSON, Judge