# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Perlis, :
               Petitioner :
                :
         v. : No. 1102 C.D. 2022
                :
City of Wilkes-Barre (Workers' : Submitted: September 11, 2023
Compensation Appeal Board), :
               Respondent :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: October 6, 2023

In this workers' compensation case, Petitioner Joseph Perlis (Claimant) petitions for review of the September 20, 2022 Opinion and Order of the Workers' Compensation Appeal Board (Board), which affirmed the March 17, 2022 Decision and Order of Workers' Compensation Judge (WCJ) Jeffrey Majikas (WCJ Majikas). Therein, WCJ Majikas granted the Petition to Modify Compensation Benefits (Modification Petition) filed by Respondent City of Wilkes-Barre (Employer) and denied Claimant's Petition to Reinstate Compensation Benefits (Reinstatement Petition). Upon review, we affirm the Board.

## I.    **FACTS AND PROCEDURAL HISTORY**

Claimant sustained a work-related injury on September 28, 2012, while working as a firefighter and emergency medical technician (EMT) for Employer. (WCJ Majikas Findings of Fact (FOF) 1, 9; Reproduced Record (R.R.) at 100a, 102a.) The injury initially was accepted by a Notice of Compensation Payable (NCP), which described the injury as a right shoulder rotator cuff strain. (FOF 1; R.R. at 100a.)

Pursuant to the NCP, Claimant began to receive temporary total disability (TTD) benefits. *Id.* On July 1, 2015, Employer issued a Notice of Change of Disability Status, in which it changed Claimant's disability status from TTD to temporary partial disability (TPD) based on an impairment rating evaluation (IRE) conducted on May 26, 2015, by Dr. Kenneth Gentilezza (2015 IRE). (FOF 2; R.R. at 100a.) Dr. Gentilezza concluded, under former Section 306(a.2) of the Workers' Compensation

2

Act (WC Act),[1] that Claimant had an impairment rating of 7%.[2]  *Id.*  Subsequently, by Decision and Order circulated June 2, 2017, WCJ Brian Hemak (WCJ Hemak) granted two review petitions filed by Claimant and amended the description of Claimant's injury to include a full thickness tear of the rotator cuff, a labral tear in the right

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.  In *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*), *affirmed in part and reversed in part*, 161 A.3d 827 (Pa. 2017) (*Protz II*), this Court declared former Section 306(a.2), *formerly* 77 P.S. § 511.2, to be an unconstitutional delegation of legislative authority to the extent that it proactively approved versions of the American Medical Association Guides to the Evaluation of Permanent Impairment (AMA Guides) "beyond the Fourth Edition without review."  *Id.* at 416.  In *Protz II*, the Pennsylvania Supreme Court held that the General Assembly, in authorizing the application of future versions of the AMA Guides without review, had unconstitutionally delegated its lawmaking authority in violation of the non-delegation doctrine.  161 A.3d at 840-41.  The *Protz II* Court invalidated Section 306(a.2) in its entirety.  *Id.* at 841.

Thereafter, Section 306(a.2) was repealed by the Act of October 24, 2018, P.L. 714, No. 111, 77 P.S. § 511.3, also known as "Act 111," and replaced by Section 306(a.3), 77 P.S. § 511.3.  Former Section 306(a.2) provided, in pertinent part, as follows:

> (1) When an employe has received total disability compensation pursuant to clause (a) for a period of [104] weeks . . . the employe shall be required to submit to a medical examination . . . to determine the degree of impairment due to the compensable injury, if any . . . .  The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the most recent edition of the [AMA Guides] . . . .

> (2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than [50%] . . . the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits. . . . If such determination results in an impairment rating less than [50%] impairment . . . the employe shall then receive partial disability benefits under class (b) . . . .

*Former* 77 P.S. § 511.2(1), (2).

[2] Claimant did not challenge this change in benefit status.  (R.R. at 83a-84a.)  Although WCJ Majikas noted that the parties stipulated that Claimant "did appeal" Employer's Notice of Change of Disability Status, *see* WCJ Majikas Decision at 3 n.2; R.R. at 100a, this clearly was a typographical error.  The testimony before WCJ Majikas indicated that no appeal was filed.  *See id.*

shoulder requiring surgical repair, and herniated discs at C4-5, C5-6, and C6-7. (FOF 3; R.R. at 100a.)

On October 7, 2021, Employer filed the Modification Petition. Although Claimant had continued to receive TPD after WCJ Hemak's 2017 decision, Employer nevertheless sought, pursuant to newly enacted Section 306(a.3),[3] to formally modify

---

[3] Section 306(a.3) reads in relevant part:

> (1) When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks . . . the employe shall be required to submit to a medical examination . . . to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the [Sixth Edition, second printing of the AMA Guides].
>
> (2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than [35%] . . . , the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits . . . . If such determination results in an impairment rating less than [35%] impairment . . . , the employe shall then receive partial disability benefits under class (b) . . . .

77 P.S. § 511.3. Section 3 of Act 111 further provides, in pertinent part, as follows:

> (1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under [S]ection 306(a.3)(1) of the [WC A]ct, an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph. This section shall not be construed to alter the requirements of [S]ection 306(a.3) of the [WC A]ct.
>
> (2) For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [WC A]ct, an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph.

77 P.S. § 511.3, Historical and Statutory Notes.

4

Claimant's benefit status to TPD based on a new IRE performed by Dr. David Weiss (Dr. Weiss) on September 2, 2021, using the Sixth Edition, second printing of the AMA Guides (2021 IRE). (FOF 5, 6, 8; R.R. at 100a, 101a.) Claimant soon thereafter filed his Reinstatement Petition, in which he requested that his benefit status be reinstated to TTD because the 2015 IRE was conducted pursuant to former Section 306(a.2), which was held to be unconstitutional in *Protz II*. (FOF 7; R.R. at 101a.)

Before WCJ Majikas,[4] Employer presented the deposition testimony of Dr. Weiss, taken on December 14, 2021. Dr. Weiss testified that he performed an IRE of Claimant on September 2, 2021, at which he obtained Claimant's medical history, performed a physical examination, and reviewed medical records and diagnostic studies. (FOF 8; R.R. at 101a.) Based on his review, Dr. Weiss concluded that Claimant had reached maximum medical improvement (MMI) as of September 2, 2021. Using the Sixth Edition, second printing of the AMA Guides, Dr. Weiss determined that Claimant had a whole-person impairment rating of 28%. *Id.* WCJ Majikas found Dr. Weiss's testimony to be credible, noting that "Dr. Weiss credibly, logically, and persuasively explained how the impairment rating was calculated based upon Claimant's history [and] complaints [and Dr. Weiss's] findings on examination [ ] and review of the medical records and diagnostic studies." (FOF 8; R.R. at 101a-02a.) WCJ Majikas further found that Dr. Weiss's testimony was "unshaken on cross-examination," that his opinions were unrefuted, and that "Claimant offered no medical evidence in opposition to the [ ] Modification Petition." (FOF 8; R.R. at 102a.)

---

[4] Claimant did not file an answer to Employer's Modification Petition or proposed findings of fact, conclusions of law, or a brief in accordance with WCJ Majikas' Record Closing Notice and Briefing Order. (WCJ Majikas Decision and Order at 3 & n.1; R.R. at 100a.) WCJ Majikas therefore concluded that "any arguments not raised in the pleadings or during on-the-record hearings are deemed waived." (WCJ Majikas Decision and Order, at 3 n.1; R.R. at 100a.)

Based on his findings, WCJ Majikas made the following pertinent conclusions of law:

[ ] Section 3(1) of Act 111 provides a credit to the insurer or employer for the payment of [TTD] prior to the effective date of [Act 111] for purposes of calculating when the employee has received 104 weeks of [TTD] benefits.

[ ] Section 3(2) of Act 111 provides a credit for partial disability benefits paid prior to the effective date of [ ] Act 111 for purposes of calculating the maximum 500-week entitlement to [TPD] payable under Section 306(a.3)(7)[, 77 P.S. § 511.3(7)].

[ ] When disability status is modified from total to partial pursuant to an IRE performed under the now-repealed Section 306(a.2), a petition to reinstate to total may be filed under Section 413(a) of the [WC] Act[, 77 P.S. § 772(a),] within three years of the last payment of compensation even if it is beyond the 500-week limitation for partial disability. Under these circumstances, it is [a] claimant's burden to show continuing disability. This burden may be met by [a] claimant's credited testimony that his work-related disability continues. If the burden of proof is met, the claimant is entitled to reinstatement as of the date the reinstatement petition was filed. [*Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018).] Where an employer obtains a new IRE that yields an impairment rating of less than [35%] under the AMA Guides, the employer may change the claimant's disability status back to partial by following the process set forth in Section 306(a.3). [*Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020) (*en banc*)]. Assuming the change in status is either not appealed or upheld on appeal, the employer is entitled to a credit under [Section 3 of Act 111] for the weeks of partial disability previously paid, and any weeks of partial disability paid will count towards the 500-week cap on such benefits. [*Rose Corporation*, 238 A.3d at 562.] The

6

legislature explicitly gave Act 111 retroactive effect with a credit to employers for both total and partial disability benefits previously paid, and Act 111 is not unconstitutional either on its face or as applied to claimants injured prior to its effective date if the IRE does not pre-date Act 111. [*Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 261 A.3d 378 (Pa. 2021)]. In this case, Employer met its burden of proving its entitlement under Section 306([a].3) to a modification of Claimant's benefits to [TPD] as of September 2, 2021. Claimant's credited testimony would have been sufficient to meet his burden under [*Whitfield*], to support a reinstatement of total disability compensation. However, Claimant's Reinstatement Petition must fail as a matter of law because [*Whitfield*] forecloses Claimant's ability to obtain a change in status from [TPD] back to [TTD] before September 2, 2021, the date Employer has proven its entitlement to a modification to partial disability status under Section 306(a.3). [ ] Employer is entitled to the credit for previously paid [TPD] benefits pursuant to [Section 3 of Act 111].

(WCJ Majikas Conclusions of Law 3-5; R.R. at 105a-06a.) Based on these findings and conclusions, WCJ Majikas granted Employer's Modification Petition, denied Claimant's Reinstatement Petition, and modified Claimant's benefit status to TPD as of September 2, 2021. In denying Claimant's Reinstatement Petition, WCJ Majikas specifically noted in his order that "[t]he benefits received by Claimant from May 26, 2015[,] through September 1, 2021[,] are [TPD] benefits for purposes of calculating Employer's credit entitlement against the 500-week cap on such benefits pursuant to Section 3(2) of Act 111." (WCJ Majikas Opinion and Order at 8; R.R. at 105a.)

Claimant appealed to the Board, arguing generally that all of WCJ Majikas' findings of fact and conclusions of law were not supported by the evidence of record, were not well reasoned, and were legally erroneous. (R.R. at 107a.) The Board affirmed, concluding that, although Claimant otherwise satisfied his burden of

7

proof to show that his injury was ongoing, WCJ Majikas nevertheless appropriately applied Section 306(a.3) to Claimant's injury because the IRE performed by Dr. Weiss was performed after Act 111's effective date. Accordingly, the Board concluded that WCJ Majikas did not err in granting Employer's Modification Petition and denying Claimant's Reinstatement Petition. The Board declined to address the constitutionality of Act 111, but nevertheless noted that, under *Pierson*, retroactive application of Act 111's employer credit provisions was constitutional. (Board Opinion at 3-7; R.R. at 114a-118a.)

Claimant now appeals to this Court.

## II.    ISSUES[5]

Claimant argues on appeal that retroactive application of Act 111 to permit Employer to take a credit for TPD payments it made pursuant to the 2015 IRE prior October 24, 2018 (the effective date of Act 111) violates both Claimant's due process rights and the Remedies Clause[6] of the Pennsylvania Constitution because it deprives him of a vested right or benefit. (Petition for Review, 1-2 (unpaginated); Claimant's Br. at 8, 12-16.) Employer argues in response that (1) Claimant has waived all issues on appeal because he did not adequately raise any challenges to the 2021 IRE or his change in benefit status before either WCJ Majikas or Board, and (2) even if the

---

[5] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Phoenixville Hospital v. Workers' Compensation Appeal Board (Shoap)*, 81 A.3d 830, 838 (Pa. 2013). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *City of Philadelphia v. Workers' Compensation Appeal Board (Kriebel)*, 29 A.3d 762, 769 (Pa. 2011).

[6] The Remedies Clause provides, in pertinent part, that "[a]ll courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial, or delay. . . ." Pa. Const. art. I, § 11.

8

issue was not waived, Employer is entitled under Act 111 to a credit for payments of TPD benefits made prior to October 24, 2018.

## III.  DISCUSSION

### A.  Waiver

Employer argues first that Claimant may not challenge the constitutionality of Act 111 in this Court because he did not raise the issue before either WCJ Majikas or the Board.  Employer notes that Claimant did not file an answer to Employer's Modification Petition, did not challenge Act 111 on the record at the hearing on February 8, 2022, failed to file proposed findings of fact, conclusions of law, or a brief before the WCJ, and did not raise this issue in his appeal to the Board. Employer accordingly argues that Claimant has waived appellate review.  We disagree.

The doctrine of waiver is applicable in workers' compensation proceedings, and an issue is waived unless it is preserved at every stage of the proceedings. *Riley v. Workers' Compensation Appeal Board (DPW/Norristown State Hospital)*, 997 A.2d 382, 387, 388 (Pa. Cmwlth. 2010).  Thus, a party's failure to object before a WCJ results in waiver for appellate purposes.  *Nabisco Brands, Inc. v. Workers' Compensation Appeal Board (Tropello)*, 763 A.2d 555, 558 (Pa. Cmwlth. 2006).  Similarly, the failure to raise an issue before the Board also results in waiver of appellate review. *Budd Baer, Inc. v. Workers' Compensation Appeal Board (Butcher)*, 892 A.2d 64, 67 (Pa. Cmwlth. 2006).  Nevertheless, the constitutionality of a statute need not be raised before an administrative agency.  Section 703(a) of the Administrative Agency Law provides, in pertinent part, that "[a] party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal." 2 Pa. C.S. § 703(a). Pennsylvania Rule of Appellate Procedure 1551(a)(1) similarly provides that questions

9

involving the validity of a statute may be raised for the first time on appeal. *See* Pa. R.A.P. 1551(a)(1). *Compare Watkins v. Workers' Compensation Appeal Board (Caretti, Inc.)* (Pa. Cmwlth., No. 1280 C.D. 2017, filed April 2, 2018) (claimant waived argument that his constitutional rights were violated because he did not raise the issue before the Board and was not challenging the validity of a statute or the Board's jurisdiction).[7]

Although Employer is correct that Claimant did not raise or brief before WCJ Majikas or the Board the question of whether Act 111 may constitutionality be applied to his injury and calculation of benefits, because he is challenging the validity of at least a portion of Act 111, he may raise the issue on appeal. Claimant raised the issue in his petition for review and provided sufficient development and analysis in his brief to this Court to permit appellate review. We accordingly conclude that the issue is not waived, and we will address it on the merits.

### B.    Act 111 Credit

Although Claimant argues that this Court has not previously addressed the question of whether Act 111 may be applied retroactively to injuries that occurred before its effective date to permit employers to take a credit against partial disability payments made pursuant to IREs performed under the now-repealed Section 306(a.2), our cases clearly indicate to the contrary.

In *Pierson*, the claimant sustained a work-related injury on August 13, 2014. The employer acknowledged the injury via an NCP, and the claimant received TTD benefits. 252 A.3d at 1171-72. On December 21, 2018, the employer filed a modification petition pursuant to newly enacted Section 306(a.3) seeking to change the claimant's benefits from TTD to partial disability based on an IRE performed on

---

[7] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), we may cite to unreported decisions of this Court for their persuasive value.

10

December 19, 2018. *Id.* at 1172. The claimant lodged constitutional challenges to Section 306(a.3) before both the WCJ and the Board, both of which declined to address the challenges. *Id.*[8] On appeal to this Court, the claimant argued that (1) Section 306(a.3) is unconstitutional "on its face," and (2) Section 306(a.3) cannot be applied retroactively to claims that originated (*i.e.*, have an injury date) prior to October 24, 2018, the effective date of the new IRE mechanism. The claimant further argued that Act 111 involved a change in substantive law, that *Protz II* invalidated any IRE mechanism that could apply to his claim, and that the application of Act 111 to his claim retroactively violates vested rights specifically secured by due process and the Remedies Clause of the Pennsylvania Constitution. *Id.* at 1174-76.

We rejected the claimant's arguments, relying chiefly on our prior decisions in *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), and *Rose Corporation.* Because our analysis in *Pierson* is controlling here, we quote it at length:

> In [*Pennsylvania AFL-CIO*], we determined [that] Act 111 was not an unconstitutional delegation of legislative authority, as the prior IRE provision of the [WC] Act was determined to be. . . . Our opinion in *Pennsylvania AFL-CIO* was affirmed by a brief *per curiam* order of our Supreme Court. . . . Although we acknowledge that the determination in *Pennsylvania AFL-CIO* was relative to whether Act 111 was an unconstitutional delegation of legislative authority, it was nevertheless a test of [the] [ ] assertion that Act 111 is unconstitutional "on its face," and the consensus was that it is not. . . .
>
> In addition, and in regard to the issue of the retroactive application of the 104-week and credit provisions of Act 111, we first address [the] [ ] contention that *Protz II* rendered former Section 306(a.2) of the Act void *ab initio* . . . .

---

[8] The claimant in *Pierson* also challenged the credibility of the physician performing the subject IRE, an issue not before us in this appeal.

11

In [*Warren v. Folk*, 886 A.2d 305 (Pa. Super. 2005)], the Pennsylvania Superior Court explained that it, and our Supreme Court, had considered the issue of retroactivity in terms of whether the statute in question affects vested rights and determined that

> [w]here no vested right or contractual obligation is involved, an act is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events prior to that date. . . . A "vested right" is one that "so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent."

While [the] [c]laimant, here, argues that he has a right to benefits as calculated at the time of injury, there are reasonable expectations under the [WC] Act that benefits may change. We acknowledge that a claimant retains a certain right to benefits until such time as he is found to be ineligible for them. However, claimants, such as the one in the matter before us, did not automatically lose anything by the enactment of Act 111. Act 111 simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole[-]body impairment of less than 35%, after receiving 104 weeks of TTD benefits.

As this Court opined in *Rose Corporation*, the General Assembly made it clear in [Section 3 of] Act 111 that weeks of TTD and partial disability paid by an employer/insurer prior to the enactment of Act 111 count as credit against an employer's new obligations under Act 111. In *Rose Corporation*, we said, in reference to Act 111:

> The plain language of Section 3 establishes a mechanism by which employers/insurers may receive credit for weeks of compensation previously paid. First, Section 3(1) provides that an employer/insurer "shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph" for purposes of

12

determining whether the 104 weeks of total disability had been paid. This 104 weeks is important because, under both the former and current IRE provisions, a claimant need not attend an IRE until after the claimant receives 104 weeks of total compensation. 77 P.S. § 511.3(1); *former* 77 P.S. § 511.2(1). *See* Section 3(1) of Act 111. Therefore, pursuant to Section 3(1), an employer/insurer will receive credit towards this 104 weeks for any weeks of total disability benefits that were previously paid prior to Act 111's enactment. Second, an employer/insurer will be given credit for any weeks of partial disability compensation paid prior to enactment of Act 111 "for the purposes of determining the total number of weeks of partial disability compensation payable under Section 306(a.3)(7) of the WC Act." Section 3(2) of Act 111. In short, any weeks of partial disability previously paid will count towards the 500-week cap on such benefits.

[*Rose Corporation*], 238 A.3d at 561-62. [W]e also added: "Through the use of very careful and specific language, the General Assembly provided employers/insurers with credit for the weeks of compensation, whether total or partial in nature, previously paid." [*Id.*] at 562.

. . . .

[The] [c]laimant, herein [ ] argues that the General Assembly cannot take away his "vested rights" and that it did not explicitly express an intent to apply the provisions of Act 111 in any sort of a retroactive fashion. As we noted above, [the] [c]laimant's "vested rights" have not been abrogated by Act 111. Further, we believe it is clear that the General Assembly intended for the 104-week and credit weeks provisions of Act 111 to be given retroactive effect, where, as we noted in *Rose Corporation*, it stated in plain language it was doing so. Thus, [the c]laimant does not prevail in his arguments relative to the constitutionality of Act 111, and we see no reason to disturb the Board's Order affirming the WCJ.

13

*Id.* at 1178-80. *See also DiPaolo v. UPMC Magee Women's Hospital (Workers' Compensation Appeal Board)*, 278 A.3d 430, 432-38 (Pa. Cmwlth. 2022), *appeal denied*, 290 A.3d 237 (Pa. 2023).

As is clear from the above discussion from *Pierson*, and contrary to Claimant's arguments, we squarely have concluded that the credit provisions contained in Subsections 3(1) and 3(2) of Act 111 apply retroactively to provide employers with credit for payments of TTD and TPD made prior to Act 111's effective date. *Pierson* remains controlling, and we once again reaffirm its analysis and holding here. WCJ Majikas did not err in granting Employer's Modification Petition, denying Claimant's Reinstatement Petition, and authorizing Employer to take credit for TPD payments made pursuant to the 2015 IRE prior to October 24, 2018. We accordingly affirm the Board.

_____
PATRICIA A. McCULLOUGH, Judge

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Perlis,                          :
                    Petitioner          :
                                        :
        v.                              :   No. 1102 C.D. 2022
                                        :
City of Wilkes-Barre (Workers'          :
Compensation Appeal Board),             :
                    Respondent          :


## ***ORDER***


        AND NOW, this 6th day of  October, 2023, the September 20, 2022
Order of the Workers' Compensation Appeal Board hereby is AFFIRMED.


                            _____
                            PATRICIA A. McCULLOUGH, Judge